**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John M. HUBBARD, III and Jerry Conrad, Defendants–Appellants.**

**Nos. 90–1049, 90–1065.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1991.

Decided April 4, 1991.

Linda S. Chapman and Robert S. Powell, Asst. U.S. Attys., Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Frank E. Booker, University of Notre Dame, Charles Hayford, Notre Dame Law School, Notre Dame, Ind., and Michael J. McDaniel, New Albany, Ind., for defendants-appellants.

Before CUDAHY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This is the direct, consolidated criminal appeal by Jerry Conrad ("Conrad") and John M. Hubbard, III ("Hubbard") of their convictions at separate trials in connection with the construction and placement of more than a dozen bombs in and around Salem, Indiana.[1] Conrad argues that the evidence against him was insufficient and that the District Court improperly applied the sentencing guidelines. Hubbard raises a single issue, that he received ineffective assistance of counsel. These arguments are without merit and we affirm.

### Conrad

Conrad argues that the evidence at his trial was insufficient to support his conviction and that his sentence is improper.

■ The problem with his first argument is that the evidence was near overwhelming. Together, the bombs at issue contained 278 sticks of dynamite. Expert testimony showed that dynamite leaves a unique chemical residue where it is handled or stored. This chemical, ethylene glycol dinitrate (EGDN), was present in Conrad's vehicles, in items from his home workshop, and in his cap and gloves and other posses-sions. Dynamite also leaves behind traces of nitroglycerine, and this too was present in Conrad's vehicles and possessions. Further, forensic analysis identified pliers from Conrad's workshop as having cut a number of the wires on the bombs. As the government pointedly argues, this evidence is consistent with Conrad's innocence only if we "speculate that some unknown person took [Conrad's] tools without his knowledge and made the bombs, and donned his caps and gloves, and used his handkerchief, ammunition cans, two trucks, and Chevette to haul the dynamite and bombs around town." Government's Brief, pp. 26–7. The jury was not required to accept this speculation.

The evidence against Conrad also showed that he kept underground publications in his home that contained diagrams for the construction of the type of bomb at issue; that he admitted to investigators at the time of his arrest that he had instructed Hubbard how to make the bombs; and that he had an electrical and engineering background that provided him with the expertise to manufacture the bombs. Taken together, the evidence at trial provides conclusive proof of Conrad's involvement in the bombing, and he presents no plausible story to the contrary. Conrad's conviction was appropriate if, viewing the evidence in the light most favorable to the government, "any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The evidence in this case amply meets this standard.

■ Conrad also takes issue with his sentence. Specifically, Conrad argues that the District Court should not have considered certain hearsay testimony in determining his sentence. "As part of th[e] broad [sentencing] inquiry, the trial judge is permitted to consider ... hearsay evidence" if he or she determines that the evidence is reliable and provides the defen-

---

1. Conrad and Hubbard were each convicted of 1 count of conspiracy under 18 U.S.C. § 371, 14 counts of manufacturing unregistered destructive devices under 26 U.S.C. §§ 5861(d) and 5871, 13 counts of attempting to destroy inter-state facilities under 18 U.S.C. § 844(i), and 1 count of possession of stolen explosives under 18 U.S.C. § 842(h). Conrad's total consecutive sentence for these offenses is 144 months and Hubbard's 188 months.

dant opportunity to rebut that evidence. *United States v. Nowicki,* 870 F.2d 405, 407 (1989). We review the District Court's evaluation of reliability for an abuse of discretion. *See, e.g., United States v. Agyemang,* 876 F.2d 1264, 1272 (7th Cir. 1989).

█ The evidence at issue consisted of testimony by Reginald Lee, the former cell-mate of Hubbard, given at Hubbard's separate trial. Lee testified that Hubbard had stated that he intended to kill a certain attorney with one of the bombs. Hubbard's attempted murder of the attorney is attributable to Conrad as Hubbard's coconspirator. *See, e.g., United States v. Missick,* 875 F.2d 1294, 1301–02 (7th Cir.1989). Relying in part on Lee's testimony, the District Court sentenced Conrad for having "intended to cause bodily injury" under sentencing guideline § 2K1.4(c)(1).

Lee's testimony was reliable for this purpose. His testimony is corroborated by the fact that the bomb found at the attorney's office was twice the size of any other bomb. The number of the bombs and their placement in the center of town, under bridges, and in other dangerous locations further evidences Conrad's and Hubbard's intent to kill or cause injury. Conrad had the opportunity to rebut Lee's testimony, either at his sentencing hearing or by asking at the hearing for more time to respond. Accordingly, the District Court committed no error in considering Lee's testimony.

█ Finally, Conrad claims error in the District Court's enhancement of his sentence under guideline § 3B1.3 based on his use of a "special skill" in the commission of the bombing. We review the District Court's factual findings for clear error; the legal meaning of the term "special skill" we determine *de novo. See, e.g., United States v. Teta,* 918 F.2d 1329, 1332 (7th Cir.1990) (applying a similar two-part analysis to the district court's finding of "obstruction of justice"). With ample support in the record, the District Court con-

cluded that Conrad's engineering knowledge and experience with explosives was essential to the construction of the bombs. We agree that such knowledge and experience constitutes a special skill for purposes of the guidelines. Indeed, the notes to the guidelines use chemists and demolition experts as examples of people to whom the special skill enhancement should apply. Conrad's use of his engineering knowledge and experience to construct the bombs at issue is analogous.

In short, the evidence against Conrad was sufficient, and the District Court properly determined his sentence. His conviction and sentence are affirmed.

### Hubbard

Hubbard raises a single issue, that he received ineffective assistance of counsel. To succeed on this issue, Hubbard must show (1) that his counsel's performance was deficient and (2) that this performance so prejudiced him as to "'undermine confidence in the outcome.'" *Kubat v. Thieret,* 867 F.2d 351, 359 (7th Cir.), *cert. den.* — U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989), *quoting Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

█ Hubbard's main argument is that his defense counsel should not have rested without putting on any evidence. According to Hubbard, reasonable investigation would have produced expert testimony demonstrating the unreliability of the physical evidence that the government used at trial. But Hubbard did not present this claim to the District Court, and he has failed to identify in this Court what evidence might have existed.[2] The mere assertion of unspecified evidence obviously proves nothing. *See United States v. Gramley,* 915 F.2d 1128, 1133 (7th Cir. 1990) (stating, "[T]his court has made clear that a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing ... 'a comprehensive showing as

---

**2.** Hubbard did attach to his reply brief a laboratory report taking issue with some of the physical evidence. This report was not presented to the District Court and Hubbard failed to

obtain leave to supplement the record on appeal. The question whether this report might be a basis for relief under 28 U.S.C. § 2255 is not before us.

to what the investigation would have produced' "), *quoting United States v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir.1987); *see also United States v. Muehlbauer*, 892 F.2d 664, 669 (7th Cir.1990) (rejecting claim of ineffectiveness based on counsel's failure to call witnesses, where defendant failed to show on the record what those witnesses' testimony would have been).

So too, Hubbard argues that he received ineffective assistance because his lawyer failed to object when the prosecution on several occasions referred to him as Conrad; because one of the prosecution's witnesses testified to an out-of-court statement by another witness in which that other witness retracted a portion of his prior testimony; and because the prosecution in its closing statement allegedly vouched for the credibility of its witnesses. These contentions are all matters of record so we will decide them even though they have not been presented to the District Court. *Cf. United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.1991) (distinguishing ineffectiveness claims that rely only on the trial record, which must be raised on direct appeal, and claims that rely on outside evidence, which may be raised in collateral proceedings under 28 U.S.C. § 2255). Although we find nothing improper in the prosecutor's closing statement, Hubbard's first two contentions are factually correct. The prosecution did refer to Hubbard as Conrad, and one of the prosecution's witnesses did provide hearsay testimony about another witness' statements. But these events could not have changed the outcome of the trial. The evidence against Hubbard paralleled that against Conrad. In both cases, it was overwhelming. Any failure by Hubbard's counsel to object in these instances does not undermine confidence in the outcome, and Hubbard's claim of ineffective assistance must fail.

### Conclusion

For the reasons stated, Conrad's conviction and sentence and Hubbard's conviction are

AFFIRMED.