**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel KOSTH, Defendant–Appellant.**

No. 90–3233.

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1991.

Decided Sept. 25, 1991.

Order on Petition for Rehearing Dec. 9, 1991.

---

James M. Kuhn, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Peoria, Ill., for plaintiff-appellee.

Donovan S. Robertson (argued), Braud/Warner, Ltd., Rock Island, Ill., for defendant-appellant.

Before POSNER, FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Defendant Daniel Kosth sold credit reporting equipment through his business, The Quad Cities Credit Bureau, Inc. Kosth obtained a merchant account with First Midwest Bank of Moline which entitled him to process his company's credit card transactions through the bank. When one of his customers purchased reporting equipment with a credit card, Kosth forwarded the credit card invoice to First Midwest Bank of Moline. The bank then processed the invoice through the merchant account, remitted money to Kosth, and sought payment from the credit card company for the purchase. For eight months defendant's brother supplied him with fraudulent and altered credit cards. Using these cards, Kosth received payment from the bank for phantom purchases of merchandise.

---

follow cases approximating the *Bekins* approach, no court has explicitly rejected *Handy Andy.* In fact, the cases cited by the Company are easily reconciled with *Handy Andy,* since the pre-*Handy Andy* cases approvingly cited involved allegations that racial prejudice some-

how tainted the election itself. *See, e.g., NLRB v. Sumter Plywood Corp.,* 535 F.2d 917, 931 (5th Cir.1976) (allegations of racially oriented election campaign), *cert. denied,* 429 U.S. 1092, 97 S.Ct. 1105, 51 L.Ed.2d 538 (1977).

Ultimately a three count indictment was returned charging Kosth with conspiracy to commit fraud by access device and fraud by access device in violation of 18 U.S.C. §§ 1029(a)(1), (a)(2), and 371. Kosth pled guilty to the one conspiracy count and the other two counts were dismissed. The district court sentenced Kosth to fifteen months imprisonment to be followed by three years of supervised release. One condition of the release requires defendant to inform the Probation Office of any financial obligations incurred by his wife which exceed $250.00. Kosth was also ordered to pay over $29,422.93 in restitution for monies received through this scheme. In imposing the sentence the court found Kosth had abused a position of private trust and thus increased his offense level by two under § 3B1.3 of the Sentencing Guidelines. Defendant appeals the two level enhancement, and the propriety of the condition to report his wife's financial obligations.

 We will uphold the sentence imposed by the district court if the court correctly applied the guidelines to factual findings which are not clearly erroneous. *United States v. Hubbard,* 929 F.2d 307, 310 (7th Cir.1991). We review the legal meaning of such language as "position of trust" under the *de novo* standard.\* *See United States v. Mettler,* 938 F.2d 764, 767 (7th Cir.1991) (citing *Hubbard,* 929 F.2d at 310) (court reviews *de novo* the legal meaning of "special skill" in Guideline § 3B1.3). "The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller." United States Sentencing Commission, *Guidelines Manual,* § 3B1.3, comment. (n. 1).

 Kosth argues that he did not occupy a position of trust as contemplated by the Sentencing Guidelines. We agree. It is true that Kosth operated a credit bureau and was in the business of selling credit reporting equipment. But his arrangement with the bank was the same as that of any other merchant—be that a restaurant, shoe store or hotel. There was no special element of private trust involved. Kosth entered into a contract with a bank which enabled him to collect money from the bank upon presentation of a slip of paper indicating that a customer had purchased merchandise with a credit card. As with all credit transactions, there was an element of reliance present. However, the relationship described by the facts in this case was a standard commercial relationship. The fraud described here does not differ from any other commercial credit transaction fraud. The defendant was not an "insider" of the credit card payment system as the government argues. He was an ordinary merchant customer of the bank who committed fraud by abusing his contractual and commercial relationship with it. The district court erred in determining that Kosth abused a position of private trust; the private trust envisioned by the Guidelines does not include one in Kosth's position. The two level enhancement for abuse of a position of private trust was inappropriate and should not be applied upon resentencing.

 We defer to the judgment of the district court when it chooses to impose special conditions of supervised release; and we review those conditions only for an abuse of discretion. *United States v. Showalter,* 933 F.2d 573, 574 (7th Cir.1991). A district judge may order any condition of supervised release "it considers to be appropriate." 18 U.S.C. § 3583(d). Discretionary conditions imposed by the district judge must be reasonably related to the nature and circumstances of the offense. 18 U.S.C. § 3563(b). The Sentencing Guidelines suggest monitoring a defen-

---

\* Guideline § 3B1.3 states in pertinent part, "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or con-

cealment of the offense, increase by 2 levels." United States Sentencing Commission, *Guidelines Manual,* § 3B1.3.

dant's credit purchases where restitution is required,

> If an installment schedule of payment of restitution or fines is imposed, it is recommended that the court impose a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the payment schedule.

U.S.S.G., § 5B1.4(b)(17), policy statement. The policy statement also encourages the court to "impose a condition requiring the defendant to provide the probation officer access to any requested financial information" where the court imposes an order of restitution. U.S.S.G., § 5B1.4(b)(18), p.s.

■ The district judge in this case found that the defendant would have the ability to pay restitution of $29,422.93 after completing his prison sentence. The judge ordered payments to be made in installments in accordance with defendant's ability to pay; the payments would be subject to constant review by his probation officer. The judge further found, "[i]n view of the testimony we have heard here this afternoon, you will also inform the probation officer of any financial obligations in excess of $250.00 incurred by your wife during the period of supervision."

Defendant's wife worked part-time at Quad Cities Credit Bureau. According to Kosth's testimony, most of the family assets were held solely in his wife's name, and she owned three rental income properties. She also held a limited partnership interest in a building. Kosth set up the partnership, with his wife as limited partner, for the purchase of the building. He testified that the bank had refused to finance the partnership if he was a named partner because there was an outstanding adverse judgment against him and/or his businesses. In the pre-sentence report, Kosth did not include his wife's income at the recommendation of his attorney. After hearing the testimony concerning Kosth's wife's investments and income, the judge found that "three items of real estate [ ] were put into [Kosth's] wife's name for no good reason ... any efforts relating to the real estate were really [Kosth's]." The judge wanted to know "the real income for [Kosth's] family unit," and asked Kosth for his wife's income.

Kosth argues that the requirement imposed by the district judge to report his wife's financial transactions was improper. Significantly, however, the condition of probation does not require his spouse to report her financial transactions. Rather, the condition requires Kosth to "inform the U.S. Probation Office of any financial obligations over $250.00 incurred by [his] wife." This condition does not affect the exercise of any lawful rights by his wife. The reporting requirement was imposed upon Kosth, not upon his wife. She remains free to enter into any financial transactions. Apparently Kosth is also free to enter into any financial transactions through his wife, but he must report them to the probation officer. The condition serves a monitoring purpose in light of Kosth's history of masking his income and ownership of assets. It is also directly related to evaluating Kosth's ability to meet his restitution payment schedule.

The reporting requirement is reasonably related to the nature and circumstances of this offense and the order of restitution, thus we find that the district judge did not abuse his discretion by imposing it. It is possible that a higher amount might better serve the monitoring purpose of the condition without unnecessarily burdening the defendant. For example, some grocery bills or home repairs could exceed the $250.00 reporting threshold. Nevertheless, the district judge is in a better position to assess the situation and the decision of whether to revisit the reporting amount on resentencing is left to him.

We REMAND the case and direct the district court to vacate the sentence imposed and to resentence the defendant in accordance with this opinion.