954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. HAY, Defendant-Appellant.
 No. 91-2014.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.
Decided Feb. 14, 1992.
 
 Before WOOD, JR.* and FLAUM, Circuit Judges, PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter comes before the Court on a motion under Circuit Rule 51(a) filed by Attorney Margaret Ashworth Wilson to withdraw as court appointed counsel for appellant William R. Hay. Attorney Wilson's motion and supporting brief, filed pursuant to Anders v. California, 286 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous. Attorney Wilson's Anders brief focuses on a possible challenge to the district court's imposition of a two-level enhancement for the abuse of a position of trust under Sentencing Guideline § 3B1.3.[1]
 
 
 2
 On February 11, 1991, William R. Hay pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. Hay's conviction stemmed from his activities while working as a general contractor on three construction projects. To finance these projects, Hay helped his customers secure loans to pay for the costs of the construction. The First National Bank in Eau Claire, Wisconsin, loaned the monies to the owners of the projects. First National Bank hired American Title and Abstract Company (American Title) to disburse the proceeds of the loans and to protect the bank's interest against liens on the three properties.
 
 
 3
 Except for an initial sum of money, which was used to buy the land and a building for one project, Hay had to petition American Title for periodic disbursements to be used to pay subcontractors working on the projects. Hay was required to submit a detailed billing of costs to be paid, signed by the owners of the projects, to both First Financial Bank and American Title. Hay was also required to present lien waivers signed by the subcontractors verifying the amount they had been paid from prior loan disbursements.
 
 
 4
 Hay experienced some financial difficulties stemming from cost overruns on some of the projects. Therefore, he altered the lien waivers which he presented to American Title, so that the documents falsely represented amounts purportedly paid to certain subcontractors. Hay explained that he used the additional money to attempt to pay for the overrun costs on other projects. This unauthorized financial juggling is illegal. Hay was charged with and pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344.[2]
 
 
 5
 On April 22, 1991, the trial court sentenced Hay pursuant to the Sentencing Guidelines (Guidelines). The court determined Hay's base offense level under § 2F1.1 of the Guidelines for offenses involving fraud or deceit. The court enhanced the offense level by two points under Guidelines § 2F1.1(b)(2) for more than minimal planning. An additional two level enhancement was assessed under Guidelines § 3B1.3 for abuse of a position of trust. Following a two-level reduction for acceptance of responsibility, the court sentenced Mr. Hay to 21 months imprisonment to be followed by three years of supervised release and the mandatory $50 special assessment. Hay, by his attorney, filed a timely notice of appeal.
 
 
 6
 Attorney Wilson filed a thorough Anders brief recognizing possible challenges to the two-level enhancement for abuse of a position of trust under Guideline § 3B1.3.[3] Whether an individual occupies a position of trust is a question of law that courts review de novo. United States v. Kosth, 943 F.2d at 800. The analysis then focuses on the factual question, reviewed under the clearly erroneous standard, of whether the defendant used his position of trust to facilitate the commission or concealment of the offense. See United States v. McMillan, 917 F.2d 773 (3rd Cir.1990); United States v. Foreman, 905 F.2d 1335 (9th Cir.1990); United States v. Ehrlich, 902 F.2d 327 (5th Cir.1990).
 
 
 7
 Attorney Wilson identifies several arguments which Hay could possibly raise to challenge the district court's determination that Hay occupied a position of trust which he used to conceal or facilitate his crime. For example, American Title's role was to supervise the disbursement of the money, and possibly Hay, which could weigh against finding a position of trust. Hay could also possibly argue that his crime was easy to detect, as such, he is more akin to a bank teller accused of embezzlement to whom the enhancement does not apply. See Note 3, supra. His attorney concludes, however, that because of Hay's "obvious fiduciary capacity," all possible arguments are frivolous.
 
 
 8
 In Kosth, the defendant was convicted of fraud for using his business, a credit bureau, to receive money by reporting fraudulent or altered credit card transactions. We concluded that the district court erred in enhancing Kosth's sentence. We held that Kosth was in the same position as other merchants and, therefore, did not occupy a position of private trust. "He was an ordinary merchant customer of a bank who committed fraud by abusing his contractual and commercial relationship with it." Kosth, 943 F.2d at 800.
 
 
 9
 We agree with attorney Wilson that Hay's fiduciary relationship with the owners of the projects distinguishes his situation from that identified in Kosth and other cases where a two-level enhancement is inappropriate. As a contractor, Hay supervised the construction projects. He had access to the funds loaned to the owners of the construction projects. These owners trusted Hay to petition for money to be used only to pay the subcontractors working on the projects. The great amount of discretion exercised by Hay, as well as the lack of supervision over Hay's work, demonstrates this position of trust.
 
 
 10
 Because we agree with Attorney Wilson that Hay could only present frivolous arguments on appeal, we GRANT her motion to withdraw as court appointed counsel for the appellant. This appeal is DISMISSED as frivolous.
 
 
 
 *
 Judge Wood, Jr., assumed senior status on January 16, 1992, after consideration of this case
 
 
 [1]
 When attorney Wilson first filed her motion to withdraw, there were no reported cases from this circuit reviewing a "position of trust" enhancement. Shortly after the motion and Anders brief were filed, this court decided United States v. Kosth, 943 F.2d 798 (7th Cir.1991). In an order dated December 26, 1991, we ordered Attorney Wilson to either supplement her Anders brief with a discussion of Kosth or submit a brief on the merits. Attorney Wilson supplemented the Anders brief. Thus our discussion considers the arguments contained in both the original and supplemental briefs
 
 
 [2]
 The pertinent part of 18 U.S.C. § 1344, in effect at the time of the offense, provided:
 (a) Whoever knowingly executes, or attempts to execute, a scheme or artifice--
 (1) to defraud a federally chartered or insured financial institution; or
 (2) to obtain any of the moneys, funds, credits, assists, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representation, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.
 This statute was subsequently amended to provide protection to all financial institutions, not just those federally funded, and to increase the maximum possible penalties to a $1,000,000 fine and/or 30 years imprisonment.
 
 
 [3]
 Section 3B1.3 of the Guidelines, as amended November 1, 1990, provides:
 If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. If this adjustment is based upon an abuse of a position of trust, it may be employed in addition to an adjustment under § 3B1.1 (Aggravating Role); if this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1 (Aggravating Role).
 The Commentary section of this Guideline, Application Note 1 provides:
 The position of trust must have contributed in some way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.