45 F.3d 434
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Rankin JOHNSON, Appellant.
 Nos. 94-2525 and 94-2529.
 United States Court of Appeals,
Eighth Circuit.
 Oct. 26, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rankin Johnson timely appeals from the sentences the District Court[1] imposed upon his guilty pleas to bank fraud, in violation of 18 U.S.C. Sec. 1344, and making false statements in relation to a bankruptcy case, in violation of 18 U.S.C. Sec. 152. The District Court sentenced Johnson to concurrent terms of fourteen months imprisonment, followed by five years supervised release, and ordered Johnson to make restitution of approximately $38,000. The sole issue on appeal is whether the Court abused its discretion by also imposing credit restrictions as a condition of Johnson's supervised release. See United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992) (standard of review).
 
 
 2
 A district court may order certain specified supervised release conditions and any other condition it deems appropriate to the extent any such condition is reasonably related to: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to adequately deter criminal conduct; the need to protect the public from further crimes by the defendant; and the need to provide the defendant with necessary educational or vocational training, medical care, or other correctional treatment. The condition must involve no greater deprivation than is reasonably necessary and must be consistent with the Sentencing Commission's policy statements. 18 U.S.C. Secs. 3583(d); 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); see also U.S.S.G. Sec. 5D1.3.
 
 
 3
 The condition the District Court imposed here has an obvious relation to the bank fraud crime Johnson committed. In addition, we note that the Sentencing Guidelines suggest monitoring a defendant's credit purchases where restitution is required. U.S.S.G. Sec. 5B1.4(b)(17), (18), p.s.; see also United States v. Kosth, 943 F.2d 798, 801 (7th Cir. 1991). Thus, the District Court did not abuse its discretion by prohibiting Johnson from incurring new credit charges or opening additional lines of credit without the approval of his probation officer.
 
 
 4
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska