57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jack E. WRIGHT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1878.
 United States Court of Appeals
Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Jack Wright appeals the district court's decision denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. A jury convicted Wright of conspiracy to commit two armed bank robberies, 18 U.S.C. Sec. 371 (Count 1); aiding and abetting the commission of armed bank robbery, 18 U.S.C. Secs. 2, 2113(a), (d) (Count 2); and aiding and abetting the commission of a crime of violence--the armed bank robbery described in Count 2--with the use of a firearm, 18 U.S.C. Secs. 2, 924(c)(1) (Count 3). He was sentenced to serve five years on Count 1, fifteen years on Count 2, and ten years on Count 3, all sentences to run consecutively.
 
 
 2
 Although Wright raised several issues before the district court in his Sec. 2255 motion, he pursues only two of them on appeal. He contends that his trial attorney provided ineffective assistance of counsel because counsel failed to object to the government's alleged violation of the Department of Justice's dual prosecution policy and that counsel permitted him to be sentenced three times for the same offense in violation of the due process clause and the double jeopardy clause of the United States Constitution.
 
 
 3
 After reviewing the record, we affirm the district court's decision denying the Sec. 2255 motion with respect to these two issues for the reasons stated in the attached Memorandum and Order dated April 4, 1994.
 
 
 4
 AFFIRMED.
 
 Attachment
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 
 5
 Jack E. Wright, Petitioner,
 
 
 6
 v.
 
 
 7
 United States of America, Respondent.
 
 Cause No. 3:93-CV-746RM
 MEMORANDUM AND ORDER
 
 8
 This cause comes before the court on Jack Wright's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. For the reasons that follow, Mr. Wright's motion must be denied.
 
 
 9
 On June 28, 1989, a jury found Mr. Wright guilty of conspiracy to commit bank robbery, 18 U.S.C. Sec. 371 (Count 1); aiding and abetting armed bank robbery, 18 U.S.C. Secs. 2, 2113(a), (d) (Count 2); and aiding and abetting the commission of an armed crime of violence, 18 U.S.C. Secs. 2, 924(c)(1) (Count 3). The jury determined that Mr. Wright had conspired with Craig Chapman to rob federally insured banks in Denver, Indiana (the "Denver bank"), and Twelve Mile, Indiana (the "Twelve Mile bank"), and that Mr. Wright drove the getaway car for Mr. Chapman in the Denver bank robbery. The court sentenced Mr. Wright to five years on Count 1, fifteen years on Count 2, and five years on Count 3, with the sentences to run consecutively for a total of twenty-five years. Mr. Wright's federal sentence was to run concurrently with his state sentence for armed robbery--Mr. Wright previously had been convicted in an Indiana state court for the Twelve Mile bank robbery, and had been sentenced to eight years. The United States Court of Appeals for the Seventh Circuit affirmed Mr. Wright's conviction. See United States v. Chapman, 954 F.2d 1352 (7th Cir.1992).
 
 
 10
 In this petition, Mr. Wright alleges that he received ineffective assistance of counsel which resulted in a number of errors during his trial.[1] To establish ineffective assistance of counsel, Mr. Wright must show that his counsel's representation fell below an objective standard of reasonableness, and that there was a reasonable probability that, but for counsel's professional error, the proceeding's outcome would have different. Strickland v. Washington, 466 U.S. 668 (1984).
 
 A.
 
 11
 Mr. Wright first contends that he was denied effective assistance of counsel because his counsel did not object to an alleged violation of the Department of Justice's dual prosecution policy ("Petite policy"). The court disagrees.
 
 
 12
 The "Petite Policy" is an internal policy statement promulgated by the Attorney General in 1959 to establish uniform guidelines for dual and successive federal prosecutions. See Petite v. United States, 361 U.S. 529 (1960) (discussion of Petite Policy); see also "Dual Prosecution and Successive Federal Prosecution Policies," United States Attorney Manual Sec. 9-2.142 (1990). The policy basically forbids dual federal and state prosecutions absent a compelling federal interest. United States v. Heidecke, 900 F.2d 1155, 1157 n. 2 (7th Cir.1990). To conduct a dual prosecution, a United States attorney must receive permission from the appropriate assistant attorney general. Id.; see generally, United States v. Mitchell, 778 F.2d 1271, 1274 n. 2 (7th Cir.1985).
 
 
 13
 The Petite policy, however, provides a defendant no substantive rights. United States v. Heidecke, 900 F.2d at 1157 n. 2 ("Of course, as an internal government guideline, the Petite policy gives Heidecke no substantive rights"); United States v. Jones, 808 F.2d 561 (7th Cir.1986), cert. denied sub. nom, Humphrey v. United States, 481 U.S. 1006 (1987) (Petite policy simply does not provide a criminal defendant any judicially-enforceable substantive rights); United States v. Mitchell, 778 F.2d at 1276-77.
 
 
 14
 We have held that the absence of a Petite clearance does not authorize reversal of a conviction. The Department of Justice may give such weight as it chooses to its internal rules. In all but the most exceptional cases, he who writes the rules may choose the sanctions for noncompliance. As we observed in Mitchell, an effort by the Judicial Branch to foist on the Executive Branch a sanction it does not wish could lead the Executive Branch to abandon the Petite Policy rather than suffer unwarranted reversals. Neither defendants nor courts would benefit from such an outcome.
 
 
 15
 United States v. Schwartz, 787 F.2d 257, 267 (7th Cir.1986) (citations omitted). Because the Petite policy affords Mr. Wright no substantive rights, he has suffered no prejudice from his counsel's failure to raise the issue.
 
 B.
 
 16
 As previously stated, the court sentenced Mr. Wright to five years for conspiracy to commit bank robbery, fifteen years for aiding and abetting armed bank robbery, and five years for aiding and abetting the commission of an armed crime of violence. Mr. Wright contends that the court's sentencing method constitutes multiple sentences in violation of either the Due Process or Double Jeopardy Clauses of the Constitution. The court disagrees.
 
 
 17
 The commission of a substantive offense and a conspiracy to commit that offense are separate and distinct charges. United States v. Soteras, 770 F.2d 641, 646 (7th Cir.1985). Mr. Wright was convicted and sentenced for two separate and distinct offenses--conspiring to rob the Denver and Twelve Mile banks, and aiding and abetting the armed robbery of the Denver bank. Thus, he has not received multiple sentences for the same crime.
 
 
 18
 Additionally, Congress specifically intended to authorize an additional penalty for the use of a firearm in the commission of armed robbery of a financial institution. United States v. Harris, 832 F.2d 88, 90-91 (7th Cir.1987), Thus, consecutive punishments for a violation of 18 U.S.C. Secs. 924(c) and 2113(d) does not violate the Double Jeopardy Clause of the Constitution.
 
 
 19
 Mr. Wright has not received impermissible multiple sentences.
 
 C.
 
 20
 Mr. Wright initially contended that there was insufficient evidence to prove that the Denver bank was federally insured. In his reply brief, however, Mr. Wright concedes that this contention was erroneous. See Reply Brief, pg. 1 ("Movant would request that the allegations regarding the proof of FDIC insurance be removed from the Motion filed in this Court. Movant would concede to the Respondents argument on this issue.").
 
 D.
 
 21
 Mr. Wright contends that his counsel's failure to move for a mistrial after the government's case-in-chief constituted ineffective assistance of counsel. He submits that throughout the trial Mr. Chapman asked various questions which were highly prejudicial to him, but does not identify any specific prejudice that resulted from his counsel's failure to move for a mistrial. Mere conclusory allegations do not satisfy the prejudice component of Washington v. Strickland. United States v. Limehouse, 950 F.2d 501, 503 (7th Cir.1991), cert. denied, 112 S.Ct. 1962 (1992); United States v. Asubonteng, 895 F.2d 424, 429 (7th Cir.), cert. denied, 494 U.S. 1089 (1990). Accordingly, this claim must fail.
 
 E.
 
 22
 Finally, Mr. Wright contends that he was denied effective assistance of counsel because his counsel failed to request a pretrial evidentiary hearing on the admissibility of co-conspirator hearsay statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence, and also failed to investigate statements made by the co-conspirators. The court disagrees.
 
 
 23
 In United States v. Andrus, 775 F.2d 825, 837 (7th Cir.1985), the Seventh Circuit stated that, in making a preliminary determination as to the admissibility of co-conspirator statements under Rule 801(d)(2)(E), a district court had the option of requiring the government to present a proffer of the proof on the declarations and conspiracy that it will offer at trial. The court then can decide whether, if the government proves what it has proffered, the requirements of United States v. Santiago, 582 F.2d 1128 (7th Cir.1978), have been met. United States v. Andrus, 775 F.2d at 837. In Mr. Wright's case, the government submitted a proffer regarding co-conspirator hearsay statements, and the court admitted testimony of co-conspirators Wright, Chapman, and Thomas Pezet. Mr. Wright fails to identify how this procedure was deficient, or how the failure to hold a pre-trial evidentiary hearing prejudiced him.
 
 
 24
 Mr. Wright also claims that his counsel failed to investigate statements made by the co-conspirators. The Seventh Circuit has made clear that a petitioner alleging that his counsel's ineffectiveness was centered on a failure to investigate has the burden of providing "a comprehensive showing as to what the investigation would have produced." United States v. Hubbard, 929 F.2d 307, 310-11 (7th Cir.), cert. denied, 112 S.Ct. 206 (1991) (quoting United States v. Gramley, 915 F.2d 1128, 1133 (7th Cir.1990)). Mr. Wright simply has made a bald assertion that his counsel failed to investigate. Thus, his claim must fail.
 
 
 25
 In conclusion, Mr. Wright has failed to demonstrate that he received ineffective assistance of counsel during his trial. Accordingly, the court DENIES Mr. Wright's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255 (filed 10/25/93 (# 1)).
 
 
 26
 SO ORDERED.
 
 ENTERED: April 4, 1994
 
 27
 /s/ Robert L. Miller, Jr., Judge
 
 ROBERT L. MILLER, Jr., Judge
 United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Because Mr. Wright was represented on direct appeal by counsel other than his trial counsel, does not rely on evidence outside the trial record, and offers no cause and prejudice for his failure to raise these issues on direct appeal, it would appear that the court's consideration of these issues are barred. Dugan v. United States, No. 93-1844 (7th Cir., March 9, 1994); cf. Patel v. United States, No. 93-2633 (7th Cir., March 25, 1994). The government, however, has waived any such argument by addressing Mr. Wright's contentions solely on their merits