UNITED STATES of America, Plaintiff,

v.

Robert SAENZ, Defendant.

Nos. 94 C 7260, 91 CR 61–1.

United States District Court,
N.D. Illinois,
Eastern Division.

April 18, 1996.

---

United States Attorney's Office, Chicago, IL, for plaintiff.

Robert Saenz, Phoenix, AZ, Pro Se.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant Robert Saenz ("Saenz") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

#### I. Facts [1]

In January 1991, Saenz conspired with Wilson Edward Turner ("Turner"), Marcia Bohach ("Bohach"), George Patrick O'Connell ("O'Connell"), and others to possess and distribute approximately 500 pounds of marijuana. Specifically, on January 4, 1991, Saenz hired Turner to deliver a shipment of 125 pounds of marijuana from Tucson, Arizona, to the Chicago, Illinois, area. Saenz

---

1. The facts in this section are derived from the transcript of Saenz's guilty plea, as well as from other documents found in the record.

gave Turner instructions regarding the delivery of the marijuana. Following those instructions, Turner drove the marijuana to Willowbrook, Illinois, where he contacted Bohach. Bohach escorted Turner to her residence in Brookfield, Illinois, where the marijuana was unloaded. Bohach then contacted O'Connell, who picked up the marijuana from Bohach for purposes of distribution in the Chicago area. Saenz also travelled from Arizona to Illinois to oversee the distribution of this shipment of marijuana.

On January 25, 1991, Saenz hired Turner to drive another load of marijuana from Arizona to Illinois. This shipment of marijuana weighed approximately 375 pounds, and it was to be delivered in the same manner as before. The next day, while en route to Illinois, law enforcement authorities stopped Turner in Springfield, Missouri, and discovered the marijuana in the midst of a consensual search of Turner's vehicle. Turner agreed to cooperate with the authorities.

On January 28, 1991, Saenz, who was unaware of the interception of the marijuana and Turner's cooperation with the authorities, arrived in the Chicago area to take part in the distribution of the marijuana. Saenz met with O'Connell at the Dome Restaurant in Indian Head Park, Illinois, and from that location Saenz called Bohach who, unbeknownst to Saenz, was also cooperating with law enforcement authorities. Saenz made arrangements to meet with Bohach to discuss the distribution of the marijuana. As they left the Dome Restaurant, O'Connell handed Saenz a box containing approximately $18,000, which was partial payment for an earlier shipment of marijuana.

Pursuant to his guilty plea, Saenz also admitted that between mid–1988 and December 1990, he conspired with Bohach, O'Connell and others to possess and distribute 1500 pounds of marijuana. This marijuana was distributed in the same manner as the January 1991 distributions in that Saenz hired someone to deliver the marijuana from Arizona to the Chicago area, and then Saenz, Bohach and O'Connell took part in the distribution of the marijuana once it reached the Chicago area.

On January 29, 1991, a criminal complaint was filed charging Saenz and O'Connell with violations of 21 U.S.C. § 846. On February 28, 1991, a Grand Jury returned an indictment charging Saenz, O'Connell and Bohach with violation of 21 U.S.C. § 846. Saenz was also charged in a separate count with a violation of 18 U.S.C. § 1952(a)(3).

On May 10, 1991, pursuant to a written plea agreement, Saenz pled guilty to conspiring to possess and distribute 500 pounds of marijuana, in violation of 21 U.S.C. § 846. At the plea hearing, the court engaged Saenz in a thorough Rule 11 colloquy, during which Saenz acknowledged his understanding of his rights and the voluntariness of his decision to plead guilty. In fact, this was the second such plea discussion that the court went through with Saenz. After the previous day's Rule 11 colloquy, the court was not satisfied with Saenz's responses at the hearing and the court refused to accept the defendant's guilty plea at that time. Saenz was represented at the plea hearings by his retained attorney.

On August 20, 1991, Saenz and his attorney appeared before the court for sentencing. Prior to the imposition of a sentence, the parties discovered that Saenz had been erroneously advised at the time of his plea of the period of supervised release Saenz faced upon conviction. Saenz had been advised that the supervised release would run for four years to life. Instead, due to prior criminal history, Saenz would be subject to eight years to life of supervised release. This error was not before the sentencing hearing. After once continuing the hearing until 1:30 p.m., the court granted Saenz another continuance until August 29, 1991, to consider whether he would move to withdraw his plea based on this error.

On August 29, 1991, Saenz's counsel, John Meyer, moved to withdraw from the case. The court granted the motion, appointed new counsel, Martin Agran ("Agran") to represent Saenz, and again continued the sentencing until September 19, 1991.

At the September 19 hearing, Agran made an oral motion to withdraw Saenz' guilty plea due to the erroneous warning about the mandatory minimum term of supervised release.

The court denied this motion and informed counsel that the sentencing would take place that afternoon. At the afternoon hearing, the court enforced the plea agreement and sentenced Saenz to a term of 121 months in prison and eight years of supervised release.

On September 23, 1991, Saenz filed a notice of appeal. Agran again represented Saenz on appeal. The only issue Saenz raised on appeal was whether the district court erred in denying his motion to withdraw his guilty plea. On July 17, 1992, the Seventh Circuit Court of Appeals affirmed the conviction, holding that the error in the district court's warning about the minimum term of supervised release did not entitle Saenz to withdraw his guilty plea. *See United States v. Saenz*, 969 F.2d 294 (7th Cir. 1992).

On December 5, 1994, Saenz filed a *pro se* motion for relief pursuant to 28 U.S.C. § 2255. In this motion, the defendant identifies three grounds on which he claims he is being held in violation of the Constitution: (1) denial of effective assistance of counsel; (2) outrageous government conduct; and (3) double jeopardy based on the civil forfeiture of the defendant's truck and cash. At the time of his arrest on January 28, 1991, Saenz was driving a 1986 Ford pick-up truck. Inside the truck was a box containing approximately $18,000 in United States currency which DEA agents had observed O'Connell hand to Saenz several minutes earlier. The DEA seized the truck and the currency on January 28, 1991, and initiated administrative forfeiture proceedings pursuant to 21 U.S.C. § 881.[2]

Following written notification of the seizure of the truck, Saenz contested its forfeiture by filing the requisite claim and cost bond. Thereafter, pursuant to a written settlement agreement between the government and Saenz, the government agreed to return the 1986 Ford truck to Saenz, who authorized Adela Saenz to receive it on his behalf. The truck was released to Adela Saenz on August 20, 1991.

Saenz was also sent written notification of the seizure of $17,700 in United States currency. Notification was sent via certified mail to Saenz at his home address and at the Metropolitan Correctional Center. Those mailings were received at both locations. As required by law, the seizure was then published in a newspaper of general circulation in the Northern District of Illinois for three successive weeks. On April 8, 1991, as a result of no claim having been filed by Saenz, the currency was administratively forfeited to the United States pursuant to 21 U.S.C. § 881 and 19 U.S.C. § 1609.

## II. *Discussion*

Habeas corpus relief under 28 U.S.C. § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991) (quoting *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir.1978). Saenz contends that he received ineffective assistance of counsel for three reasons. He alleges first that his trial counsel failed to properly interview potential defense witnesses or investigate defense and alibi claims. Second, Saenz claims that his attorney coerced him into pleading guilty by making false representations as to what sentence he would receive. Finally, Saenz claims that his attorney failed to carefully review the presentence investigation report with him prior to sentencing.

In order to prevail on an ineffective assistance of counsel claim, Saenz must satisfy a two-pronged test: first, that his counsel's performance fell below an objective standard of reasonableness; and second, that this performance so prejudiced him as to "undermine confidence in the outcome" of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Hubbard*, 929 F.2d 307, 310 (7th Cir.1991) (quoting *Kubat v. Thieret*, 867 F.2d 351, 359 (7th Cir.), *cert. denied* 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989)). A defendant's failure to satisfy either prong is fatal to such a

---

**2.** At the time of his arrest, the DEA allowed Saenz to give his teenage daughter $300 from the seized currency so that she could return to her Arizona residence. Therefore, the exact amount of the currency forfeited by the DEA was $17,-700.

claim. *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir.1990). As to the performance prong, the defendant must identify the specified acts or omissions of counsel that form the basis for his claim of ineffective assistance. *United States v. Moya–Gomez,* 860 F.2d 706, 763–64 (7th Cir.1988), *cert. denied,* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989). Furthermore, when a claim of ineffective assistance of counsel arises from a guilty plea, the defendant must show that he would not have pleaded guilty but for his attorney's errors. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ Saenz's first claim, that his attorney failed to interview potential defense witnesses and investigate defense and alibi claims, is too vague and conclusory to support a finding of ineffective assistance of counsel. Saenz failed to sufficiently identify any potential defense witness or indicate the possible content of testimony which could have been provided to show that he was innocent of the crime with which he was charged. Indeed, two of the potential witnesses, his codefendants, had pleaded guilty. Therefore, his vague and conclusory allegations of ineffective assistance are inadequate as a matter of law to raise a cognizable issue of ineffective assistance of counsel. *See, e.g., Patel v. United States,* 19 F.3d 1231, 1237 (7th Cir.1994) (holding that a defendant who alleges that his attorney was ineffective by failing to call a particular witness at trial "must make a specific, affirmative showing as to what the missing evidence would have been ... and prove that the witness' testimony would have produced a different result"); *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir.1989) (holding that an evidentiary hearing is unnecessary where petitioner fails to submit specific allegations and fails to demonstrate that he has actual proof of the allegation); *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.1976) (holding that petition must be accompanied by a detailed and specific affidavit which shows actual proof beyond unsupported allegations). The court finds that Saenz failed to satisfy the first prong of the requisite test and, for the same reasons, Saenz has not undermined confidence in the outcome of his proceeding as required by the second prong of that test. Accordingly, the court denies the motion with regard to the first ground.

■ Saenz's second claim is similarly without merit. Saenz contends that his attorney coerced him into pleading guilty by making false representations about his potential sentence. A review of the district court record and transcript of the May 10, 1991, guilty plea hearing exhibits that the court adequately apprised Saenz of the ramifications of his actions and determined that his guilty plea was made voluntarily and without any improper pressure by his attorney. In addition, Saenz stated at a September 16, 1991 hearing that he believed he had been competently represented by counsel. The record demonstrates that Saenz entered into the written plea agreement with an understanding of his rights, the charges against him, and of the potential penalties he faced. The record further shows that Saenz was neither threatened nor induced into pleading guilty. Therefore, the court need not hold an additional hearing to determine whether the plea was voluntary. *See, e.g., Soto v. United States,* 37 F.3d 252, 254–55 (7th Cir.1994) (holding that even if the defendant's attorney had erroneously advised him of his sentence under a plea, the plea hearing insured that the defendant actually knew the extent of his sentence); *Ebbole v. United States,* 8 F.3d 530, 534 (7th Cir.1993) (holding that the district court did not err in refusing to hold a hearing on a habeas petition because the court had sufficient information to determine that the defendant had entered his guilty plea voluntarily and with effective assistance of counsel); *Liss v. United States,* 915 F.2d 287, 291–92 (7th Cir.1990) (noting that the presumption of truthfulness accorded the defendant's testimony at the plea hearing cannot be overcome by a claim that his plea was induced by alleged broken promises by the government). Saenz's self-serving statement that his attorney inadequately apprised him of his potential sentence is unsubstantiated by the evidence and is in direct conflict with his own acknowledgement in open court that he fully understood the judge's statement to him of his Constitutional rights, the charges to which he pleaded guilty, and his potential

sentence. He also attempts to contradict the written plea agreement which he signed. As such, the court finds that Saenz again failed to meet either prong of the pertinent test and denies Saenz's motion with regard to the second claim.

Saenz's argues in his third claim that his attorney failed to review the presentence investigation report ("PSI") prior to sentencing. The court finds that this claim is contrary to the evidence in the record. In fact, the court notes that the record exhibits that Saenz's counsel effectively disputed certain miscalculations of the sentencing guidelines. At the August 20, 1991, sentencing hearing, Saenz's counsel specifically stated that he had discussed the PSI with his client. Saenz's counsel then disputed certain guidelines calculations in the PSI and prevailed in one dispute, thus leading to a decreased sentence for his client.

Nonetheless, even in the absence of such action by Saenz's counsel, Saenz's claim would still fail. Saenz has not specifically demonstrated how he was prejudiced by his counsel's alleged failure to review the PSI. Therefore, his claim of ineffective assistance of counsel is denied.

Saenz next alleges that the DEA agents and government informants lied under oath resulting in the violation of his constitutional rights. In particular, Saenz alleges that the government agents lied about the contents and source of the box containing the forfeited currency, and that the agents conspired with informants "to enter false documents and records." Saenz offers no evidence in support of his claim. The court agrees with the government that Saenz is procedurally barred from raising constitutional claims in a § 2255 motion that were not made on direct appeal, absent a showing of cause for the procedural error and actual prejudice from it. *Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir.1994). Saenz raises this claim for the first time in this proceeding. Saenz has shown neither cause for his failure to raise the issue on direct appeal, nor prejudice from the alleged government misconduct. The Seventh Circuit has frequently expressed that a § 2255

petition "will not be allowed to do service for an appeal." *See E.g., Johnson v. United States*, 838 F.2d 201, 202 (7th Cir.1988); *Theodorou v. United States*, 887 F.2d 1336, 1339–40 (7th Cir.1989).

Saenz's fourth and final claim on which he seeks to have his conviction and sentence vacated rests on double jeopardy grounds. Saenz claims that because his property—currency and vehicle—was seized by civil forfeiture, the court was estopped by the double jeopardy clause from imposing a criminal sentence upon him. This claim is without merit.

With regard to the truck, there can be no jeopardy because the truck was never forfeited. Saenz, his wife, and the government entered into a settlement agreement wherein the government agreed to release and return his truck. Therefore, the truck cannot form the basis for a double jeopardy claim.

Similarly, the currency cannot form the basis for a double jeopardy claim. While the currency seized from the defendant was indeed forfeited by Saenz on April 8, 1991 in an administrative forfeiture, Saenz never contested the forfeiture. In *United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the United States Supreme Court held that jeopardy cannot attach where the defendant does not file a claim or contest the prior civil forfeiture. Here, like the defendant in *Torres*, Saenz did not contest the forfeiture of the currency. As a result, he was never a party to the civil forfeiture proceeding and, thus, jeopardy never attached with regard to the forfeiture proceeding. As the Seventh Circuit so clearly stated: "[a]lthough in reality [Saenz] may have suffered two harms—the loss of his property in the forfeiture and the separate threat of loss of liberty from the criminal case—he cannot have been subject to *double* jeopardy because he was only a party in a *single* case (the criminal case)." (Emphasis in original). *United States v. Ruth*, 65 F.3d 599, 604 (7th Cir.1995); *United States v. Vega*, 72 F.3d 507 (7th Cir.1995). Accordingly, Saenz's double jeopardy claim is denied.

III. *Conclusion*

For the foregoing reasons, the court denies Saenz's 28 U.S.C. § 2255 petition.

IT IS SO ORDERED.