UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1829

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | |
| KENNETH L. RICHARDS, *Defendant-Appellant*. | No. 05 CR 35 Theresa L. Springmann, *Judge*. |

### O R D E R

On both January 31, 2005, and April 29, 2005, police officers in Fort Wayne, Indiana, observed Kenneth Richards leave 416 East Creighton Avenue and sell cocaine to a police informant. On May 5, 2005, several police officers executed a search warrant at the house and found approximately 20 grams of crack cocaine in the freezer. The warrant had been secured with an affidavit describing the controlled buys by one of the officers who observed them. Richards was arrested and eventually charged with simple possession of the crack found in the freezer, a felony due to the amount. *See* 21 U.S.C. § 844(a).

Richards moved to suppress the crack on the ground that the affidavit supporting the search warrant included false information. The district court denied

the motion without an evidentiary hearing. The government then gave notice, under Fed. R. Evid. 404(b), that it planned to offer evidence of Richards' January and April 2005 drug sales to establish his "knowledge or intent." Richards objected, but the court deemed the evidence admissible and allowed it at trial under both Rule 404(b) and the "inextricably intertwined" doctrine. Richards, who testified that he didn't live at 416 East Creighton or own the crack found in the freezer, moved for a judgment of acquittal after the government rested, arguing that the government had failed to establish that he had a "substantial connection" to 416 East Creighton. The court denied the motion, and the jury found Richards guilty. He was sentenced to 97 months' imprisonment, the low end of the guidelines range.

Richards filed a notice of appeal, but his appointed counsel move to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738 (1967). We invited Richards to respond to counsels' motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsels' facially adequate brief and in Richards' response. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Richards might argue that the district court erred in denying his motion to suppress without an evidentiary hearing. Under *Franks v. Delaware,* 438 U.S. 154 (1978), a defendant who makes a substantial preliminary showing that false information was intentionally or recklessly included in an affidavit for a search warrant is entitled to an evidentiary hearing if the allegedly false information "is necessary to the finding of probable cause." *Id.* at 155-56; *see United States v. Mancari,* 463 F.3d 590, 593 (7th Cir. 2006). Our review of the district court's denial of the *Franks* hearing would be for clear error. *Zambrella v. United States,* 327 F.3d 634, 638 (7th Cir. 2003).

We agree with counsel that Richards' challenge would be frivolous. Although the government conceded that the affidavit includes several factual errors, such as the address of the store where the first controlled buy took place and its distance from 416 East Creighton, Richards failed to proffer any evidence tending to show that the officer who executed the affidavit intentionally misrepresented those facts or included them with reckless disregard for the truth. *See United States v. Souffront,* 338 F.3d 809, 822 (7th Cir. 2003) ("The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard."). Nor were these details necessary to the district court's finding of probable cause. The officer averred that twice he saw Richards come directly from 416 East Creighton and sell cocaine to the informant, and it is the address where Richards originated, not the precise location of the two transactions, that is here material to the determination of probable cause because that was the address to be searched. *See United States v. Olson,* 408 F.3d 366, 370 (7th Cir. 2005) ("Probable

cause sufficient to support a warrant exists where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.") (citation omitted).

Counsel and Richards also consider arguing that, even putting aside the purported inaccuracies, the affidavit does not establish probable cause because it lacked detail about the informant's reliability.  When an informant supplies the "known facts and circumstances" underlying a finding of probable cause, the legitimacy of that finding turns on the informant's "reliability, veracity and basis of knowledge." *United States. v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005).  But we agree with counsel that in this case it would be frivolous to challenge the trustworthiness of the informant when the finding of probable cause did not turn on any "tips" from him.  Instead, the "known facts and circumstances" supporting probable cause were derived from the affiant's own observations of the controlled buys.  Moreover, Richards could not possibly contend that the affidavit is so lacking in detail that the officers who executed the search warrant could not have done so in good faith.  Thus, the fruits of the search would not have been suppressed in any event.  *See United States v. Leon*, 468 U.S. 897, 920-22 (1984); *United States. v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006).

Counsel next considers arguing that the district court erred in denying Richards' motion for a judgment of acquittal.  That motion was made after the government rested but never renewed after the close of the evidence, so we would reverse only if "the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *United States v. Whitlow,* 381 F.3d 679, 685 (7th Cir. 2004).  Counsel contemplates that Richards might argue that the government failed to establish that he possessed the crack found at 416 East Creighton.  The government needed only to demonstrate that Richards constructively possessed the drugs, *see United States v. Starks*, 309 F.3d 1017, 1022 (7th Cir.2002), which it could do by proving that he has a "substantial connection to the house", *United States. v. Brown,* 328 F.3d 352, 355 (7th Cir. 2003).

On the record before us it would be frivolous to argue that the government failed to make this showing.  The government's evidence included the testimony of the arresting officer that Richards provided 416 East Creighton as his address when he was arrested, records showing that a utility account for 416 East Creighton had been in Richards' name from 1998 until the crack was found, several pieces of mail found in the house addressed to Richards at 416 East Creighton, the informant's testimony that he had known Richards to live there for eight years before the search, the testimony of several police officers who saw Richards leave the house and proceed directly to the location where he delivered cocaine to the informant, and the testimony of several officers who saw Richards leave the house the very morning the search warrant was executed.  This evidence is more than sufficient to

connect Richards to the house.  *See United States v. Castillo*, 406 F.3d 806, 813 (7th Cir. 2005) (mail addressed to defendant at apartment "strongly suggests" apartment is his for purpose of establishing constructive possession)*; United States. v. Quilling*, 261 F.3d 707, 712 (7th Cir. 2001) (constructive possession established where defendant provided residence's address as his own at time of arrest).

        Counsel next considers whether it would be frivolous to argue that the district court erred in admitting the evidence of the two controlled drug buys.  We would review the district court's evidentiary ruling for abuse of discretion.  *See United States v. Rollins,* 301 F.3d 511, 517 (7th Cir. 2002).  Rule 404(b) prohibits evidence of "other crimes" to show a propensity for criminal behavior.  Fed. R. Evid. 404(b).  Evidence of "other crimes" is permitted, however, when offered to establish a matter in issue other than criminal propensity so long as the other act is fairly similar, recent, and not unfairly prejudicial, *see United States v. Jones,* 455 F.3d 800, 806-07 (7th Cir. 2006), and the evidence is strong enough to persuade the jury by a preponderance that the defendant committed such an act, *see United States v. Chavis,* 429 F.3d 662, 667 (7th Cir. 2005).  But we have repeatedly explained that acts forming part of the "chronological unfolding of events" underlying the charged crime are "not evidence of 'other acts' within the meaning of Fed. R. Evid. 404(b)." *United States v. Senffner,* 280 F.3d 755, 764 (7th Cir. 2002) (quoting *United States v. Ramirez,* 45 F.3d 1096, 1102 (7th Cir. 1995)); *see United States v. Holt,* 460 F.3d 934, 937 (7th Cir. 2006).  For an act to be "inextricably intertwined" and outside the scope of Rule 404(b), it must complete the story of the crime, create a chronological or conceptual void in the story if omitted, help to explain the circumstances surrounding the charged crime, or tend to prove an essential element.  *Seffner,* 280 F.3d at 764.

        We agree with counsel that a Rule 404(b) argument would be frivolous because the two drug sales are "inextricably intertwined" with Richards' charged possession, and are not evidence of "other" crimes.  The government offered testimony about Richards' two prior drug sales for the stated purpose of establishing that he knew about and intended to exercise dominion over the crack found at 416 East Creighton, and thus constructively possessed the drugs.  Two of our sister circuits have allowed evidence of prior drug dealing to be used under Rule 404(b) for this purpose, *see United States v. Arnold,* 467 F.3d 880, 885 (5th Cir. 2006); *United States v. Brown,* 1998 WL 654495, *4 (4th Cir. Sep. 18, 1998), but we have never addressed the issue.  Nonetheless, the testimony of the officers who saw Richards leave 416 East Creighton and proceed to the sale locations filled a conceptual void in the story by explaining why the officers sought a search warrant for the house in the first place, and more importantly, helped establish Richards' connection with the house.  As long as such "inextricably intertwined" acts meet the requirements of Rule 403, they may be admitted as evidence at trial, *see Holt,* 460

F.3d at 938, and we could not conclude that the district court abused its discretion in making that determination. *See* Fed. R. Evid. 403.

Counsel next considers whether Richards might challenge his sentence on reasonableness grounds. As counsel correctly notes, a sentence within the guidelines range is presumptively reasonable. *United States v. Mykytuik,* 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Gama-Gonzalez,* No. 06-1965, slip op. at 2-3 (7th Cir. Dec. 5, 2006). But whether or not we applied the presumption here, we would conclude, as does counsel, that it would be frivolous for Richards to argue that his prison term is unreasonable. *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether it is consistent with *Booker* to accord a presumption of reasonableness to a sentence within the guidelines range). Counsel can identify no error in the district court's calculation of the guidelines range or its analysis of the relevant factors under 18 U.S.C. § 3553(a). *See United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006). In fact, Richards offered the district court no reason why it should sentence him below the advisory range. Instead, he requested a sentence at the low end of the range, and the court granted that request.

Finally, Richards identifies one potential argument not discussed in counsel's *Anders* brief. Richards contemplates arguing that the government constructively amended the indictment at trial. During his rebuttal argument the prosecutor stated without objection:

> We had the testimony of Government's expert witness Ausili regarding the fact that it was crack cocaine. . . . If the chloride's out, then it's cocaine base. But it's still cocaine. Defense counsel made much, well, he only bought cocaine, it wasn't crack cocaine, doesn't matter. It's still cocaine. The issue is did he possess it. Did he knowingly and intentionally possess it?

According to Richards, the prosecutor essentially told the jury that it could convict whether or not it was indeed crack in the freezer.

Where an indictment charges distribution or possession of a controlled substance with intent to distribute, the nature of the controlled substance—in this case powder cocaine versus crack—is not an element of the offense. *See* 21 U.S.C. § 841(a)(1); *United States v. Gougis*, 432 F.3d 735, 745 (7th Cir. 2005). But under § 844(a), simple possession of powder cocaine is typically a misdemeanor that carries a one-year maximum term of imprisonment, whereas simple possession of more than five grams of crack carries with it a minimum term of imprisonment of five years. *See* 21 U.S.C. § 844(a); *United States v. Steward*, 252 F.3d 908, 909-10

(7th Cir. 2001).  Thus, we have explained that when an indictment charges possession of crack under § 844(a)—as it did here—drug type is an element of the offense that the government must prove beyond a reasonable doubt.  *See Steward,* 252 F.3d at 909-10.

We are not so sure that the prosecutor ever stated otherwise: it appears he was merely rebutting defense counsel's insistence that Richards' prior drug sales lacked significance because he had sold only powder cocaine.  In any event, even if we accept the interpretation Richards gives the prosecutor's statement, we would still conclude that his constructive amendment argument is frivolous because the full trial record satisfies us that the jury understood the government's burden and convicted Richards of possessing crack, the charge in the indictment.  Our review would be for plain error because Richards did not raise his objection below.  *United States v. Trennell,* 290 F.3d 881, 886 (7th Cir. 2002).  A constructive amendment occurs when the prosecutor or the court broaden the bases for conviction beyond what the grand jury alleged.  *Trennell,* 290 F.3d at 888.  Here, when the district court charged the jury, not only did it read the indictment verbatim, but it instructed that to convict the jury must find that the government proved that the drug at issue was crack.

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.