# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-2013

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

UVALDO REYES,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CR 661—**John W. Darrah**, *Judge.*

———————

ARGUED JANUARY 27, 2004—DECIDED APRIL 20, 2004

———————

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Uvaldo Reyes pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1)(A), and was sentenced to 120 months' imprisonment, five years' supervised release, a $700 fine, and a $100 special assessment. Reyes appeals his sentence, arguing that the district court improperly refused to apply the safety valve provision, U.S.S.G. § 5C1.2. We affirm.

Between July and August 2000, Reyes negotiated the sale of six kilograms of cocaine to two confidential informants (CIs) for $24,000 per kilogram and gave them a heroin

sample weighing .4 grams. When the CIs, accompanied by an undercover officer, arrived for the exchange at the appointed time, Reyes stated that the cocaine had not yet arrived. Upon learning from his brother that the cocaine had been delivered to a nearby storefront, Reyes took the CIs and the undercover officer there and showed them the cocaine. When Reyes and his brother began counting the cash payment, they were arrested and charged with conspiracy to possess with intent to distribute cocaine. Officials searched the storefront and found 6.2 kilograms of cocaine and 17 pounds of marijuana.

Two days before the sentencing hearing, Reyes filed a self-styled "Sentencing Commentary and Position Paper," in which he presented several arguments for a downward departure. Of particular relevance to this appeal, Reyes sought a downward departure because his criminal history was overstated, *see* U.S.S.G. § 4A1.3, and because he qualified for the safety valve provision, *see* U.S.S.G. § 5C1.2. The safety valve analysis requires defendants to show, among other things, that they had no more than one criminal history point, *id.* § 5C1.2(1), and had "truthfully provided to the Government all information and evidence" they possessed concerning the offense or conspiracy, *id.* § 5C1.2(5). Reyes had been assigned two criminal history points but disputed the point assigned to a battery conviction, arguing that the conviction had been dismissed after he completed a term of court supervision. Reyes argued that he should be held responsible only for one criminal history point and that he therefore was eligible for sentencing under the safety valve provision.

The district court denied Reyes's request to decrease his criminal history points and concluded that his two criminal history points rendered him ineligible for the safety valve provision. Reyes properly received a criminal history point for the battery conviction, the court noted, because he had pleaded guilty to the offense; the eventual dismissal of the

conviction was therefore irrelevant. The court generally tracked the remaining recommendations in the presentence report, concluding that Reyes was responsible for a total of 1,208 kilograms of marijuana (after converting the heroin and cocaine to their marijuana equivalents). Because he was responsible for at least 1000 but less than 3000 kilograms of marijuana, the court determined his base offense level to be 32. *See* 21 U.S.C. § 846; U.S.S.G. § 2D1.1. Reyes received a three-level decrease for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. With an offense level of 29 and a criminal history category of II, Reyes's guideline range was 97 to 121 months; because the mandatory minimum sentence was 120 months, *see* 21 U.S.C. § 841(b), Reyes's imprisonment range was 120 to 121 months.

On appeal Reyes challenges the district court's conclusion that he had more than one criminal history point. He submits for the first time that—apart from the one criminal history point assigned for the battery conviction—the district court's decision to assign a criminal history point to a state driving violation for which he received only one year of supervision violated U.S.S.G. § 4A1.2(c)(1), the provision that defines how prior sentences are to be counted for purposes of computing criminal history. Reyes argues that § 4A1.2(c)(1) excludes from such computations the offense of driving without a license or with a revoked or suspended license. Though § 4A1.2(c)(1) directs that a conviction for such an offense be counted if it resulted in a "term of probation of at least one year," Reyes contends that the term of supervision he received was not a sentence of probation.

Reyes waived the argument, however, by failing to challenge at sentencing the imposition of a criminal history point for the state driving violation. At sentencing Reyes objected to the criminal history point he received for the battery conviction; he similarly could have objected to the criminal history point he received for the driving violation

but chose not to do so. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (holding that defendant waived his right to appeal where he knew he had the right to object and affirmatively decided not to object). And since "[w]aiver extinguishes any error and precludes appellate review," *United States v. Jacques*, 345 F.3d 960, 962 (7th Cir. 2003), Reyes cannot on appeal challenge the district court's decision to impose a criminal history point for the driving violation. Since Reyes must meet all of the criteria under U.S.S.G. § 5C1.2(1)-(5) to be eligible for sentencing under the safety valve provision, *United States v. Bonsu*, 336 F.3d 582, 586 (7th Cir. 2003), his inability to challenge his second criminal history point effectively dooms his eligibility and, by extension, his appeal.

Because Reyes's two criminal history points render him ineligible for sentencing under the safety valve provision, *see Bonsu*, 336 F.3d at 586 (defendant must meet all criteria to be eligible), we need not reach his remaining arguments.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*