# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-2006

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LYNN M. REDDITT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 01 CR 880—**John F. Grady**, *Judge.*

_____

ARGUED JANUARY 13, 2004—DECIDED AUGUST 20, 2004

_____

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* A jury found former postal worker
Lynn Redditt guilty of one count of stealing mail, 18 U.S.C.
§ 1709, and one count of opening mail, *id.* § 1703(a). On
appeal Redditt challenges two evidentiary rulings. Any
evidentiary errors made by the district court were harmless,
so we affirm.

## I.

On March 30, 2001, eleven pieces of opened mail were
found in and around a public garbage can approximately
one block from Redditt's home in Chicago. Postal inspectors

discovered that ten of the items were addressed to locations within the delivery area of the Nancy B. Jefferson Station (the "Jefferson Station")—located approximately eight miles away—and were intended for delivery on March 26. The eleventh piece of mail was a greeting card; although a first-class stamp was affixed to the card, the card had not yet been processed at a post office processing facility.

At the time Redditt was working as a mail carrier at the Jefferson Station. Postal inspectors confirmed that most of the mail was intended for delivery on Route 1 and that Redditt was the only carrier assigned to deliver mail on Route 1 on March 26. Although some of the opened mail was intended for delivery on Route 2, postal inspectors learned that the carrier assigned to deliver mail to Route 1 often assisted with the delivery of mail to Route 2 because the two routes were intertwined.

Eventually Redditt admitted to stealing and opening the mail. Redditt explained that on March 26 she had separated out mail she thought might contain cash. She opened the items after making her assigned deliveries but while still on duty. She related that she took $20 from one of the letters—although she could not recall which one—and used it to purchase food on her way home from work. Finally, Redditt detailed, she placed the mail in a garbage can on her way home. At the conclusion of the interview, Redditt provided the inspectors with a handwritten confession.

Following the interview, however, Redditt recanted and, after she was charged, moved to suppress the statements she made to the inspectors and her written confession. At the suppression hearing, Redditt explained that she was on vacation on the days the mail should have been delivered. Redditt acknowledged providing a written confession, but she maintained that she confessed only after one of the postal inspectors coerced her into doing so by yelling at her, striking the table, and threatening to write a more incrim-

inating confession if she refused to write one herself. Redditt also insisted that she had confessed without being able to read or understand her waiver of rights. The district court found Redditt's testimony not credible and refused to suppress the confession, a ruling Redditt does not appeal.

Before Redditt testified at trial the government moved *in limine* for permission to impeach her with a prior conviction in the event she should testify. In March 1992, Redditt was convicted in state court of unlawful interference with a public utility, also known as theft of electricity, resulting in a one-month term of probation. The government also sought leave to introduce an employment application Redditt completed in July 1995, falsely stating that she had never been convicted of a crime.

The district court noted that, because Redditt's conviction was more than ten years old, the primary consideration was whether its probative value substantially outweighed its prejudicial effect. Nevertheless, the judge withheld ruling on the government's request until after he heard Redditt's testimony:

> If, for instance, [Redditt's] disagreement with the government testimony is minor, then I think this evidence would be overkill, and its probative value would be outweighed by the prejudicial impact. If on the other hand, she denies that she committed the thefts and denies that she made the statements and claims she was coerced and so on so she got a 180-degree difference from the government witnesses, then this may well be a situation where the probative value of this untruthfulness would outweigh its prejudicial impact.

On direct examination Redditt testified as she had at the suppression hearing that she did not open the mail; she admitted, however, that she worked on the day the mail should have been delivered. At the conclusion of direct examination, the judge granted the government's motion to

impeach Redditt with her prior conviction and her failure to disclose the conviction on her 1995 employment application. The judge stated that "the probative value of the previous act of dishonesty, the conviction for it and the false state-ment, or the apparently false statement, on the application has a probative value that exceed [*sic*] its prejudicial impact, in light of the complete contradiction between the defendant's testimony and the testimony of the government witness."

On cross-examination Redditt's denials continued. When the government asked her about the conviction for theft of electricity, Redditt acknowledged that she had been charged with the crime but denied ever being convicted or punished. Redditt explained that she believed the charge had been dropped. The government also asked Redditt about the employment application, pointing out that on the applica-tion Redditt stated that she had never been convicted of a crime. This time Redditt did not deny that she had been convicted of a crime; instead, she eventually admitted filling out the application but submitted that someone else must have altered her answer to show that she had never been convicted of a crime. The government moved to introduce the employment application into evidence. The judge asked defense counsel if he had any objections, and counsel replied that he had none. At the end of Redditt's testimony, the district court gave the jury a limiting instruction concerning Redditt's prior conviction:

> Let me explain to the jury that the relevance of the prior conviction, if there was one and I am not commenting one way or the other, is only in regard to the credibility of Ms. Redditt as a witness in this case. She is obviously not be-ing tried in this case for any matter back in 1992 having to do with electricity. The only significance of that evi-dence is as it may have some bearing on her credibility as a witness.

At the conclusion of the trial, the jury returned guilty verdicts on both counts. The district court sentenced Redditt to sixteen months' imprisonment, two years' supervised release, $20 in restitution, and $200 in special assessments.

## II.

On appeal Redditt argues that the district court erred in permitting the government to use the 1992 conviction and the 1995 employment application for impeachment, and in permitting the government to introduce the employment application into evidence. With regard to the 1992 conviction, Redditt contends that the district court's decision violated Federal Rule of Evidence 609. Redditt also submits that the decisions to allow impeachment with the employment application and to admit the document into evidence violated Federal Rule of Evidence 608. Redditt argues that neither decision was harmless and requests a new trial. We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Johnson*, 248 F.3d 655, 664 (7th Cir. 2001).

Because Redditt's conviction for stealing electricity was more than ten years old, it was admissible under Rule 609(b) only if the court could determine "that the probative value of the conviction . . . substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b); *see Stutzman v. CRST, Inc.*, 997 F.2d 291, 298-99 (7th Cir. 1993). As we noted recently in *United States v. Fallon*, 348 F.3d 248 (7th Cir. 2003), the purpose of Rule 609 is to ensure that "'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" *Id.* at 254 (quoting *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977)). Still, we will uphold a district court's decision to admit a conviction over ten years old as long as the record shows that the district court thoughtfully analyzed the facts and properly weighed the probative value of the evidence against its prejudicial

effect. *See Stutzman*, 997 F.2d at 299; *United States v. Ras*, 713 F.2d 311, 318 (7th Cir. 1983).

Here, the district court did not err in admitting the evidence regarding Redditt's 1992 conviction. Before Redditt testified, the district court correctly acknowledged that the relevant question under Rule 609(b) was whether the probative value of the conviction substantially outweighed its prejudicial effect. And when the judge actually ruled on the admissibility of the prior conviction, he properly noted that Redditt's credibility was a critical factor in the case "in light of the complete contradiction between the defendant's testimony and the testimony of the government witness." Consequently, the district court judge did not abuse his discretion when he determined that the probative value of the 1992 conviction outweighed any prejudicial effect.

But even if the district court erred in permitting the government to impeach Redditt with her 1992 conviction, the error would not require reversal. An evidentiary error requires reversal only if the error had "a substantial and injurious effect or influence on the jury's verdict." *United States v. Woods*, 301 F.3d 556, 562 (7th Cir. 2002) (quotation marks and citation omitted). We will find an evidentiary error harmless if the court provides a curative instruction, *United States v. Bonner*, 302 F.3d 776, 782 (7th Cir. 2002), or if the evidence against the defendant is otherwise overwhelming, *Woods*, 301 F.3d at 562.

Here, the district court provided a limiting instruction and the government's case against Redditt was particularly strong. At the conclusion of the trial the judge informed the jury that evidence about Redditt's 1992 conviction was relevant only to her credibility as a witness. And the evidence against Redditt was overwhelming: most of the opened mail pieces were sent to addresses on Redditt's delivery route, they were scheduled for delivery on a day that Redditt worked, and they were discovered in a public garbage can close to

Redditt's home but far from the delivery route. One of the other items had not yet been processed for delivery; the government submitted evidence from a person whose return address was on the envelope, and she related that she had enclosed $20 in an envelope and had handed it to a mail carrier and that the envelope never reached its intended destination. And although Redditt later disclaimed her confession, her recantation was countered by the testimony of three postal inspectors.

Redditt also contends that the district court erred in permitting the government to use her 1995 employment application for impeachment, and in permitting the admission of the application into evidence. Under Rule 608(b), specific instances of conduct used to attack a witness' character may be inquired into on cross-examination if probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b); *see Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 627 (7th Cir. 2003). Such conduct, however, may not be proved by extrinsic evidence. Fed. R. Evid. 608(b); *see Young*, 327 F.3d at 626-27. Because Redditt failed to identify her conviction on the employment application, the document was relevant to her character for truthfulness. Thus, the district court properly allowed the government to question her about the statements she made on the employment application. *See Young*, 327 F.3d at 627.

But Rule 608(b) specifically prohibits the use of extrinsic evidence to prove specific instances of conduct, and at trial Redditt's counsel should have objected to the government's request to admit the document into evidence. The government contends that Redditt waived this argument by failing to object at trial. Redditt argues that she objected to the admission but submits that, alternatively, she merely forfeited the argument. "Forfeiture is the failure to make the timely assertion of a right, while waiver is the intentional relinquishment or abandonment of a known right." *United States v. Cooper*, 243 F.3d 411, 415-16 (7th Cir. 2001); *see*

*United States v. Olano*, 507 U.S. 725, 733 (1993). When trial counsel affirmatively represents that he has no objection to the admission of certain evidence, he has intentionally waived any argument to the contrary. *United States v. Pittman*, 319 F.3d 1010, 1012 (7th Cir. 2003).

Here, Redditt's trial counsel affirmatively stated that he had no objection to admitting the employment application. When the government sought to question Redditt about the 1992 conviction and the 1995 employment application, trial counsel raised objections. But after the government moved to introduce the application into evidence, the judge asked defense counsel whether he had any objections. Counsel replied: "No, judge." Since defense counsel intentionally decided not to object to the admission of the employment application, Redditt has waived any challenge on appeal. *Id.* And since a finding of waiver precludes appellate review, *United States v. Reyes*, 365 F.3d 565, 567 (7th Cir. 2003), we cannot review the district court's decision to admit the employment application into evidence.

AFFIRMED.


A true Copy:

Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*


USCA-02-C-0072—8-20-04