In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 05-2488

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MICHAEL PHILLIPPI,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 04 CR 24—**John Daniel Tinder**, *Judge.*

_____

ARGUED JANUARY 25, 2006—DECIDED APRIL 5, 2006

_____

Before POSNER, MANION, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* On September 14, 2003, Michael Phillippi attempted to purchase a 12-gauge shotgun and ammunition from a sporting goods store in Terre Haute, Indiana. The attendant handed Phillippi a copy of ATF Form 4473 and told him to complete the form truthfully and accurately. The attendant indicated that the form would be used to complete a background check. This case arose as a result of the answer Phillippi gave to question 12b, which asks: "Are you under indictment or information in any court for a *felony*, or any other crime, for which the judge could imprison you for more

than one year?" Without asking any additional questions of the attendant, Phillippi answered, "No." Further, he signed the certification at the bottom of the form that said: "I understand that a person who answers 'yes' to any of the questions 12b through 12k is prohibited from purchasing or receiving a firearm. . . . I also understand that making any false oral or written statement . . . with respect to this transaction, is a crime punishable as a felony."

Although none of Phillippi's answers precluded the sale of the shotgun, when the attendant contacted the National Instant Criminal Background Check System (NICS), he was instructed to "delay" the transaction. The attendant told Phillippi that he would have to wait three days for NICS to recontact the sporting goods store. Although he paid for the shotgun and ammunition and received a sales receipt, NICS ultimately denied permission for the sale because of Phillippi's history of domestic violence and drug abuse. It turned out that he had qualifying felony cases pending in three different counties: a charge of obtaining a controlled substance by fraud filed in March 2003 in Vigo County, Indiana; charges of forgery and attempted acquisition of a controlled substance by fraud filed in April 2003 in Tippecanoe County, Indiana; and an arrest for felony intimidation in Edgar County, Illinois, on September 9, 2003.

Phillippi was charged with one count of making a false statement in connection with the attempted acquisition of a firearm and ammunition from a federally licensed firearms dealer. *See* 18 U.S.C. § 922(a)(6). Before trial he filed a motion *in limine* to exclude evidence of two of the three pending charges, arguing that the Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172 (1997), forbade presenting "multiple pending cases" as long as

the defendant was willing to stipulate to having a pend-
ing case on the date of the offense charged in the
indictment. The motion was accompanied by a proposed
stipulation to the Vigo County charge. At the evidentiary
hearing on the morning of trial, the government responded
that it would not pursue the Edgar County charge but
asserted that it was entitled under Federal Rule of Evi-
dence 404(b) to present transcripts from the proceedings
in both of the other cases to show that Phillippi knew
he was under a felony information when he executed
ATF Form 4473. Phillippi then offered to stipulate to
either the Vigo County charge or the Tippecanoe County
charge, whichever the government preferred, but the gov-
ernment rejected the offer.

The district court denied the motion *in limine* except as
it regarded the Edgar County charge. The court
distinguished *Old Chief* on the ground that Phillippi's
proposed stipulation was not a method of proof equivalent
to the government's evidence. To make it equivalent, the
court suggested, Phillippi would have to stipulate as well to
his knowledge that he could be imprisoned for more than
one year. Phillippi refused to make the additional
stipulation, thinking, as his counsel explained at
oral argument, that this would be tantamount to con-
fessing the crime. The court then weighed the probative
value of the government's evidence against a risk of
prejudice it considered "quite slight" and concluded that the
prejudice did not outweigh the probative value. *See* Fed. R.
Evid. 403.

At trial, the government introduced the two felony
informations and had the respective court reporters read
into the record the portions of the transcripts involving
colloquies on the charges. Phillippi testified in his own

defense, explaining to the jury that his false answer on ATF Form 4473 was an "honest mistake" that resulted because he "went through" the paperwork "too quick[ly]." Nevertheless, the jury found him guilty. The district court imposed a fine of $15,000 and sentenced him to 50 months' imprisonment and three years' supervised release.

On appeal, the sole issue is whether the district court abused its discretion in admitting evidence of both of the pending felony charges. Phillippi points out that in *Old Chief*, the Supreme Court reversed the district court's decision to admit the full record of the defendant's prior felony conviction, because it found that the danger of prejudice due to the similarity between the offense of conviction and the charged offense substantially outweighed the probative value of the record evidence. *See Old Chief*, 519 U.S. at 191. The Court held that where the only purpose for which the government sought to introduce evidence of the defendant's conviction was to prove the fact of conviction, it was an abuse of discretion to refuse the defendant's offer to stipulate to the conviction. *Id.* Phillippi points to three areas in which his case is congruent with *Old Chief*: (1) his offense involved a "legal status" element, (2) he offered to stipulate to that element, and (3), at least in his view, there was a similarity between his prior charges and his current charge, because all three could be characterized as "crimes of lying to obtain a regulated product." Based on these congruencies, he asks us to hold that the case is controlled by *Old Chief*.

This analysis, however, misses the point of *Old Chief*. The Court deliberately limited its holding to "cases involving proof of felon status," *see id.* at 183 n.7, because the holding depended on its conclusion that the evidentiary values of the stipulation and the evidence the government

wished to present were "distinguishable only by the risk [of prejudice] inherent in the one and wholly absent from the other," *id.* at 191. Phillippi did not and could not show that the stipulation he offered was an adequate substitute for the government's evidence because the government's evidence had an additional purpose beyond proof of his felony status. The government intended to show not only that he was subject to a felony information but also that he knew that his statement to the sporting goods store was false. *See United States v. Dillon*, 150 F.3d 754, 759 (7th Cir. 1998) (holding that conviction under § 922(a)(6) requires proof that "defendant knowingly made a false statement to a licensed firearms dealer").

The existence of this additional purpose is enough to take Phillippi's case outside the scope of *Old Chief*. *Old Chief* itself indicated that its result was not applicable in cases like this one when it warned that "[t]he issue of substituting one [sort of evidence] for the other normally arises only when the record of conviction would not be admissible for any purpose beyond proving status, so that excluding it would not deprive the prosecution of evidence with multiple utility." *See Old Chief*, 519 U.S. at 190. Moreover, in *United States v. Williams*, 238 F.3d 871, 876 (7th Cir. 2001), we held specifically, citing *Old Chief*, that "a defendant's offer to stipulate to an element of an offense does not render inadmissible the prosecution's evidence of prior crimes to prove elements such as knowledge and intent."

Here, we would have no ground for disturbing the district court's decision to admit the government's evidence, even if the government had wanted to introduce the second information only because it believed that two adjurations about the felony penalty were better than one. *See Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997) (noting that "no rule of law . . . limits the prosecutor to one piece of evidence

in support of each element of the offense"). But there is further justification for the decision. The government argues, persuasively, that inclusion of both informations was not merely duplicative but actually necessary because of "deficiencies" in both proceedings that left either vulnerable to the claim that Phillippi did not understand the penalties he faced. In the Vigo County proceedings, the presiding judge read him the charges and the possible penalties, and asked him if he understood them, but he did not answer. Though the judge followed up with another question about the charges, he did not again probe Phillippi's understanding of the penalty. In the Tippecanoe County proceedings, Phillippi was shown an audio-videotape that explained the charges and penalties. He confirmed in colloquy with the presiding magistrate judge that he was able to hear the videotape and that he had no questions about his rights, but he was never specifically questioned about the applicable penalties.

We perceive no abuse of discretion in the district court's admission of this evidence, and therefore we AFFIRM the judgment of conviction.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
