NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013[*]
Decided January 23, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1934

| | |
|---|---|
| ANTHONY C. MARTIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, Fort Wayne Division. |
| v. | |
| | No. 1:09-CV-48-TLS |
| GEORGE NICKLOW, et al., | |
| *Defendants-Appellees*. | Theresa L. Springmann, |
| | *Judge*. |

**ORDER**

Anthony Martin alleged that Fort Wayne, Indiana, police officers George Nicklow, Ben Springer, and John Drummer violated the Fourth Amendment and Indiana tort law by using excessive force during a traffic stop. The federal claim was tried to a jury, but the district court thought Martin had abandoned his state-law theories before trial and would not allow them to be presented. The jury found for the officers, and Martin appeals.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Martin has a history of unsuccessful lawsuits against Fort Wayne officers. In this litigation he testified that on his way to the mall the defendants pulled him over, ransacked the vehicle, and pressed his head to the ground without provocation after pulling him from the car and pinning him to the ground. His former girlfriend, Melinda Robinson, testified that when she arrived on the scene the police were on top of Martin. The district court denied Martin's request to introduce photographs purportedly showing the damage done to his car by the defendants because Martin had not disclosed those photos before trial.

No police report documenting the incident was produced during discovery. That is because, the defendants maintained, Martin's story about a traffic stop is false. Officer Nicklow acknowledged having met Martin once, though not during a traffic stop. Nicklow had served a court order for a DNA sample (in an unrelated rape investigation that was not disclosed to the jury). According to the officer, Martin had not seemed to recognize him and had asked for his name. Officer Drummer told a similar story. On one occasion he had stopped Martin for driving erratically—on a date different from what Martin alleged—and during that encounter Martin also had asked for his name. While cross-examining Drummer, Martin wanted to ask about a suspension for falsifying a report; he asserted that this past misconduct helped explain the absence of a police report documenting a traffic stop on the day he alleged, but the district court barred this inquiry as unduly prejudicial.

Martin, who was assisted by counsel at trial but is now pro se, raises a number of arguments about the admission of evidence. We will not disturb evidentiary rulings unless the district court abused its discretion. *Griffin v. Bell*, 694 F.3d 817, 826 (7th Cir. 2012); *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012).

We start with Martin's complaints about rulings affecting his presentation of evidence. He objected to being impeached with a 1997 felony conviction for receiving stolen property. That conviction, says Martin, should have been barred because he was a juvenile when he committed the crime, *see* FED. R. EVID. 609(d), and because the conviction was incurred more than 10 years before trial, *see id.* 609(b). Although juvenile adjudications are inadmissible in civil cases, Martin was convicted as an adult. *See United States v. Lipscomb*, 702 F.2d 1049, 1053 n.10 (D.C. Cir. 1983) (collecting cases); 5 *New Wigmore: Impeachment and Rehabilitation* § 3.4.4.7 (2012) ("[W]hen a juvenile is prosecuted as an adult, the protection of Rule 609(d) does not apply."). And Rule 609(b) allows for admission of a conviction older than 10 years if the trial judge concludes that its probative value substantially outweighs its prejudicial effect. The district court identified the correct standard and concluded that Martin's conviction for receiving stolen property was particularly probative of his veracity but not significantly prejudicial; this ruling was not an abuse of discretion. *See United States*

*v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004); *Stutzman v. CRST, Inc.*, 997 F.2d 291, 298–99 (7th Cir. 1993).[1]

Martin also contends that the district court erred by excluding the photographs of his damaged car. He had mentioned those photographs when the defendants deposed him, but he did not produce them during discovery or even identify them as exhibits in the pretrial order. In fact, Martin already had called two witnesses before disclosing the photos, despite an express warning from the court that any exhibit not given the opposing party before the final pretrial conference would be excluded except if used only to impeach or to refresh a witness's recollection. Martin did not have a satisfactory explanation for his tardy disclosure, and it is no excuse that he was unrepresented until after discovery had closed and the pretrial order had been prepared. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[B]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders."). Thus, the district court acted within its discretion in excluding the photographs. *See Kempner Mobile Elec., Inc. v. Sw. Bell Mobile Sys.*, 428 F.3d 706, 713 (7th Cir. 2005) (recognizing that trial judges have discretion to enforce boundaries of pretrial order); *Hotaling v. Chubb Sovereign Life Ins. Co.*, 241 F.3d 572, 578 (7th Cir. 2001) (same).

Finally, Martin argues that the district court should have stopped the defendants from eliciting during his cross-examination that 10 months before the alleged use of force he had been diagnosed with paranoid schizophrenia and post-traumatic stress disorder. He also contends that the court should have prevented cross-examination of Robinson about testimony she gave in another of his lawsuits alleging that police officers had beat him during a traffic stop. The defendants correctly counter, however, that Martin's lawyer remained silent at trial and thus failed to preserve for appellate review any objection to these inquiries. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 610 (7th Cir. 2006). We have discretion to examine the admission of evidence even when no objection was lodged, FED. R. EVID. 103(e), but we will not correct an unpreserved error except in exceptional

---

[1]Martin further contends that the district court should not have allowed his impeachment with evidence of convictions for false informing and possession of a firearm by a felon. But Martin has not obtained a transcript of the hearing during which the court overruled his objection, *see* FED. R. APP. P. 10(b), despite the district court's approval of payment, *see* 28 U.S.C. § 753(f), and our own reminders of the need for transcripts. Because we cannot discern the reasons for the court's ruling, Martin has waived this argument. *See Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011); *RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993) (enforcing rule against pro se appellant).

circumstances and only if it affects substantial rights and will cause a miscarriage of justice, *Wallace v. McGlothan*, 606 F.3d 410, 421 (7th Cir. 2010); *Estate of Moreland v. Dieter*, 395 F.3d 747, 756 (7th Cir. 2005). Martin makes no effort to establish these elements, so we decline to review the challenged evidence. *See Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010); *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 430 (7th Cir. 2008).

We turn now to Martin's arguments about evidentiary rulings during the defendants' presentation. His first contention, as we read his brief, is frivolous. Martin says that the district court should have barred Officers Nicklow and Drummer from testifying about their encounters with him; this evidence, Martin insists, was irrelevant or else inadmissible character evidence. *See* FED. R. EVID. 401, 404. The defense theory, however, was that Martin and his former girlfriend had fabricated the traffic stop and use of force, and the disputed testimony explains not only how Martin got the officers' names but also why he might hold a grudge and want to falsely accuse them of violating his rights. Moreover, Nicklow did not mention the DNA sample until after Martin asserted during his rebuttal case that the officer had described their *second*—not their *only*—encounter. Martin testified that this other contact had occurred outside the police station after he was arrested but "released, no charges." The court then permitted Nicklow in surrebuttal to expand on his explanation for encountering Martin. As the court recognized, Nicklow was entitled to address the inference Martin's testimony raised that he was being harassed with baseless arrests. *See Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003); *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 627 (7th Cir. 2003).

Also without merit is Martin's contention that he should have been able to cross-examine Officer Drummer about his disciplinary suspension. The district court appropriately concluded that the probative value of this evidence was minimal compared to its potential for prejudice. *See* FED. R. EVID. 403. The suspension arose from discrepancies between two reports about the extent of damage to his police vehicle resulting from a car chase, not from a failure to write a report when one was required. Moreover, the court noted, a review board later had exonerated Drummer even though, because of a procedural glitch, the suspension still showed in his employment file. The court reasoned that admitting the evidence would only invite needless debate about its significance and distract the jury from the central question whether the defendants had detained and injured Martin. We agree with that assessment. *See Suarez v. Town of Ogden Dunes, Ind.*, 581 F.3d 591, 598–99 (7th Cir. 2009).

On the other hand, Martin's remaining argument about the defendants' evidence does have some merit. The defendants never disputed that Martin had suffered physical injuries requiring medical attention on the day of the alleged car stop. Martin introduced

hospital records to establish the extent of those injuries, and buried in one document is a note by a physician's assistant saying that the police department had been contacted to verify Martin's story but responded that no report existed of a traffic stop or altercation involving him that day. Martin had intended to redact this hearsay statement before introducing the records, but when the defendants objected, the district court required that Martin offer the documents unredacted or not at all. The physician's assistant never testified, but the defendants, over objection, elicited her written statement through cross-examination of Martin.

We agree with Martin that the physician's assistant's statement is hearsay that should have been excluded. The defendants convinced the district court, and argue here, that the statement was not offered to prove the absence of a police report documenting the alleged incident, and thus was not hearsay. *See* FED. R. EVID. 801(c). The defendants insist that the note shows only that hospital staff tried to verify Martin's account of his injuries, but the answer from the police department implies far more. No limiting instruction was given, *see* FED. R. EVID. 105, and we cannot see how the jury could have missed the inference that the police department lacked a record of the incident because in fact Martin did not have a run-in with the police. Indeed, that was the inference defense counsel encouraged the jury to draw during closing arguments. And as far as we can tell, the note from the physician's assistant provided the clearest evidence that a police report does not exist.

The district court mistakenly believed that the note in the medical record was made "for purposes of medical diagnosis or treatment" and so qualified as excepted hearsay under Federal Rule of Evidence 803(4). That exception applies only to statements made by the patient. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996); *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004). In addition, the challenged statement was not authenticated. Martin stipulated that the hospital's records were admissible without need for a custodian, but that stipulation did not authenticate the embedded factual assertion that no report responsive to the hospital's inquiry could be found in the police department's records. *See* FED. R. EVID. 803(7). Both levels of hearsay had to qualify for an exception for the statement to be admissible. *See* FED. R. EVID. 805.

Still, we conclude that the error was harmless. This trial came down to the credibility of the witnesses, and since the defendants insisted that Martin's story of a traffic stop was a lie, the absence of a police report could not have surprised the jury. The defense theory would have been foolhardy if the officers had written a police report about an incident they said never happened. Martin's case turned on convincing the jury that he was the victim of excessive force, and, if anything, the note in the medical records was helpful

to him because it foreclosed the defendants from arguing that his claim of being beaten during a traffic stop is a recent fabrication.

In addition to his appellate claims about the admission of evidence, Martin also asserts two other errors. The first concerns jury selection. Martin's attorney wanted to exercise a peremptory strike after she already had said the panel was acceptable. Before jury selection began, however, the district court had made clear that no "back strikes" would be permitted, and that if the lawyers approved "a prospective juror to stay on the panel, then that juror remains seated." Trial judges have broad discretion in establishing the procedures for jury selection, *Griffin*, 694 F.3d at 821, and we see no basis to conclude that the judge abused her discretion by enforcing her own clearly stated rule. *See United States v. Harbin*, 250 F.3d 532, 539 (7th Cir. 2001).

Finally, Martin asserts that the district court wrongly found that he had abandoned before trial his state-law claims of negligence and retaliation. But Martin devotes just one sentence of his opening brief to this subject, which is not enough to present us with a developed argument for review. *See* FED. R. APP. P. 28(a)(9); *Cole v. CIR*, 637 F.3d 767, 773 (7th Cir. 2011); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

Accordingly, the judgment of the district court is AFFIRMED.