NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 9, 2013
Decided July 24, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3930

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-CR-33-BBC-01 |
| JOSE A. MEDINA-MENDOZA, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Jose Medina-Mendoza appeals from the concurrent sentences he received for possessing a firearm as an unlawful user of marijuana, 18 U.S.C. § 922(g)(3), and as an alien in the United States without authorization, *id.* § 922(g)(5). He argues that the district court erred in finding that he perjured himself at trial and, as a result, misapplied an upward adjustment for obstruction of justice. *See* U.S.S.G. § 3C1.1. That argument is frivolous, but after briefing was finished, the government submitted a letter, *see* FED. R. APP. P. 28(j), conceding that the district court committed plain error by entering judgment on both § 922(g) counts. We uphold the increase for obstruction of justice but vacate the judgment

and remand for the district court to merge the two convictions and reenter the same sentence on one count only.

Police officers went to the home of Medina-Mendoza with a warrant to arrest him for assaulting his former girlfriend. They found Medina-Mendoza hiding in his bedroom closet. After he consented to a search of the bedroom, the officers discovered a 9 mm pistol and two loaded magazines under his mattress. The police also found marijuana, drug paraphernalia, and false identification cards. The gun had been stolen from a store in Janesville, Wisconsin.

After receiving *Miranda* warnings, Medina-Mendoza gave a recorded statement. He first insisted that he had found the gun, ammunition, and drug paraphernalia at a junkyard, but eventually he said "the truth" was that he bought the gun from a Puerto Rican man in a town near Janesville and was "97% sure" it was stolen. He also admitted buying and using marijuana and conceded he is a Mexican national in the United States without permission. In a later interview Medina-Mendoza repeated his story about buying the gun from a Puerto Rican man.

The government charged Medina-Mendoza in separate counts for possessing the 9 mm pistol in violation of 18 U.S.C. § 922(g)(3) and (g)(5). Both counts allege possession of the 9 mm on the day it was discovered in his bedroom. At trial Medina-Mendoza denied buying the gun and instead insisted that it belonged to a friend named Robinson; he explained that Robinson had placed the pistol and magazines under his pillow without him knowing while he was giving Robinson a haircut. (On the defendant's witness list Robinson's first name is spelled as "Shanton," but at trial Medina-Mendoza gave the name as "Shantelle.") Robinson forgot the gun, Medina-Mendoza continued, and when Robinson telephoned later to alert him about its presence, the defendant hid the gun and magazines under his mattress and told Robinson to retrieve them the next day. The police, though, got there first. When the prosecutor confronted Medina-Mendoza with his previous confessions to the police, he explained that he had lied to the officers because at the time he did not know Robinson's full name and thus feared that the police would not believe his story. The jury found Medina-Mendoza guilty on both counts.

The day after the guilty verdicts, the prosecutor discovered a voice message that had been left on her office telephone during the trial:

> Hi. This is Shanton Robinson. I'm calling on behalf of Jose Medina-Mendoza. He's trying to pay me to take his case and I don't want to do it. He is steady having people to call me and asking if I'm going to take the case from him, but I can't do it because I'm on probation. And he trying to make me say, like, the gun was mine, but it's not. It's really his. He just trying to

get out. He don't want to be shaken up, so he trying to make me take a case
that's not mine. So I was just calling to let you know. My name is Shanton
Robinson. All right. Thank you.

The prosecutor notified defense counsel that she intended to play the message at
sentencing. That message prompted the probation officer who drafted Medina-Mendoza's
presentence report to recommend a two-level upward adjustment for obstruction of justice.
The defendant objected that he did not obstruct justice by testifying at trial that Robinson
had left the gun in his bedroom.

At sentencing the prosecutor argued that the defendant's post-arrest confessions, the
theft of the gun in Janesville, and the voice message left by Robinson all supported the
upward adjustment by establishing that Medina-Mendoza had lied at trial about the gun
belonging to Robinson. When the district court asked if Medina-Mendoza objected to the
government playing the voice message, defense counsel responded, "I don't object." The
government played the message, and the court invited defense counsel to comment on it.
He did:

> The only thing that I can say, Your Honor, and I will say this as an
> officer of the court because I don't have a recording, is that I did speak very
> briefly with Mr. Robinson a few days before trial. He did tell me that it was
> his gun and that he was coming to testify to such.
>
> Obviously he's changed his story and I have not been able to reach
> him since. I don't know if he's necessarily credible one way or the other and I
> also don't know—I guess we'll never know why the jury found Mr. Medina-
> Mendoza guilty, whether it was they believed that he procured the firearm in
> Middleton and in Janesville or whether or not it was this third party's gun
> that he simply touched and held, which as the Court indicated and read to
> the jury, would have constituted possession.

Neither party called Robinson to testify or said that he had been subpoenaed.

The district court found that Medina-Mendoza had perjured himself at trial
concerning the source of the gun. The judge reasoned that the defendant's trial testimony
differed from his recorded statements to law enforcement and was contradicted by the
voice message. The court applied the increase under § 3C1.1 and adopted the probation
officer's remaining guidelines calculations, which yielded an imprisonment range of 27 to
33 months. On each count the court sentenced Medina-Mendoza to 30 months in prison
followed by a year of supervised release, with the sentences running concurrently.

Medina-Mendoza raises a single claim in his appellate brief: that the district court erred in applying the 2-level upward adjustment for obstruction of justice. The government disagrees with that contention but, on its own, concedes that the entry of separate convictions and sentences on the two § 922(g) counts was error. *See United States v. Bloch*, No. 12-2784, 2013 WL 2149888, at *4 (7th Cir. May 20, 2013); *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007).

In the district court Medina-Mendoza did not challenge his two convictions as multiplicitous. But it was plain error for the district court to sentence him more than once—even to concurrent sentences—because the § 922(g) counts are based on his single possession of the same gun, and the second conviction is presumed to have collateral consequences. *See Bloch*, 2013 WL 2149888, at *4; *Parker*, 508 F.3d at 439–41. For example if Medina-Mendoza violates the conditions of his concurrent terms of supervised release, he would be subject to a total of four years reimprisonment instead of two. *See* 18 U.S.C. §§ 924(a)(2), 3583(e)(3), 3559(a)(3); *United States v. Snyder*, 635 F.3d 956, 960 (7th Cir. 2011); *United States v. Neal*, 512 F.3d 427, 439 n.11 (7th Cir. 2008); *United States v. Deutsch*, 403 F.3d 915, 918 (7th Cir. 2005). The multiplicitous convictions should be merged and judgment entered on a single count. *See Bloch*, 2013 WL 2149888, at *4; *Parker*, 508 F.3d at 442. Although at oral argument counsel for Medina-Mendoza objected to this course of action, he since has filed a letter agreeing that the two counts should be merged.

On remand the district court shall reinstate the same sentence because neither of Medina-Mendoza's two challenges to the finding of obstruction has merit. He first argues that the district court erred in finding that he perjured himself at trial because, the defendant says, the government did not call any witness to directly contradict or "flatly deny" his testimony about the source of the gun. But that view of the evidence is not quite accurate; the government introduced Medina-Mendoza's post-arrest confessions, which were substantive evidence (and not merely impeachment of his trial testimony). *See* FED. R. EVID. 801(d)(2)(A). In other words, the defendant himself was the witness who directly contradicted his trial testimony. *See United States v. Young*, 613 F.3d 735, 749 (8th Cir. 2010); *United States v. Raplinger*, 555 F.3d 687, 694 (8th Cir. 2009); *United States v. Cook*, 76 F.3d 596, 605–06 (4th Cir. 1996); *United States v. Acuna*, 9 F.3d 1442, 1445 (9th Cir. 1993). Not that it matters, however, because the government was not required to produce a witness who would call Medina-Mendoza a liar; a perjury finding underlying an upward adjustment for obstruction of justice can rest on circumstantial evidence. *See United States v. Dinga*, 609 F.3d 904, 909 (7th Cir. 2010); *United States v. Griffin*, 310 F.3d 1017, 1021, 1024 (7th Cir. 2002); *United States v. Sisti*, 91 F.3d 305, 313 (2d Cir. 1996); *United States v. Onumonu*, 999 F.2d 43, 46–47 (2d Cir. 1993); *United States v. Barbosa*, 906 F.2d 1366, 1370 (9th Cir. 1990). "[S]uch findings do not require directly contradictory testimony but may spring from a solid foundation of circumstantial evidence." *United States v. Akitoye*, 923 F.2d 221, 229 (1st Cir. 1991). The district court's finding that Medina-Mendoza perjured himself by blaming

Robinson for the gun is supported not only by the defendant's confessions that he purchased the gun near Janesville, but also by its theft from that city and Robinson's voice message stating that Medina-Mendoza had pressured him to falsely claim ownership of the gun.

Medina-Mendoza also makes the equally frivolous argument that the district court erroneously relied on Robinson's voice message since that recording is hearsay from a witness not subject to cross-examination. The defendant waived this contention, however, when his lawyer (who also represents him on appeal) affirmatively stated at sentencing that he did not object to the prosecution's introduction of the voice message. *See United States v. Schalk*, 515 F.3d 768, 774 (7th Cir. 2008); *United States v. Brodie*, 507 F.3d 527, 532 (7th Cir. 2007); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004).

But even if the hearsay argument had not been waived, it would lack merit because at sentencing a district court is not bound by the rules of evidence and may consider any reliable evidence, including hearsay, so long as the defendant has an opportunity to rebut that evidence. *See* FED. R. EVID. 1101(d)(3); *United States v. Grigsby*, 692 F.3d 778, 788 (7th Cir. 2012); *United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010); *United States v. Cooper*, 591 F.3d 582, 591 (7th Cir. 2010); *United States v. House*, 551 F.3d 694, 700 (7th Cir. 2008); *United States v. Eskridge*, 164 F.3d 1042, 1045 (7th Cir. 1998); *United States v. Nelson*, 39 F.3d 705, 710 (7th Cir. 1994); *United States v. Johnson*, 997 F.2d 248, 254 (7th Cir. 1993); *United States v. Hubbard*, 929 F.2d 307, 309–10 (7th Cir. 1991). Medina-Mendoza did not question the authenticity of the voice message and passed over the chance to refute its content. He knew from the presentence report and the prosecutor's e-mail that the voice message would be used at sentencing, yet counsel never asserted that he had subpoenaed, or even tried to subpoena, Robinson for trial or sentencing.

Rather, Medina-Mendoza questioned the reliability of Robinson's voice message only through counsel's representation that Robinson had told him a few days before trial "that it was his gun and that he was coming to testify to such." And since then, counsel continued, he had "not been able to reach" Robinson. Yet at sentencing counsel did not call Medina-Mendoza as a witness to deny pressuring Robinson to take the rap for the gun. The district court did not abuse its discretion by crediting the voice message, a recorded out-of-court statement about a topic within the speaker's knowledge.

Accordingly, we **VACATE** the judgment and **REMAND** with directions to merge the § 922(g) counts and reinstate the conviction and sentence on one count only.