In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-2701

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFREY M. WEST,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:19-cr-20060-MMM-EIL-1 — **Michael M. Mihm**, *Judge.*

_____

ARGUED SEPTEMBER 20, 2022 — DECIDED NOVEMBER 22, 2022

_____

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges.*

HAMILTON, *Circuit Judge*. Appellant Jeffrey West was convicted of possessing child pornography and other sexual offenses against children. At trial, the district court admitted photographs and videos containing child pornography that were discovered on electronic devices seized from West's home and business. Sixteen of those exhibits were shown to the jury. On appeal, West argues that the admission and

display of two exhibits were unfairly prejudicial and need-lessly cumulative, in violation of Federal Rule of Evidence 403 and his broad reading of *Old Chief v. United States*, 519 U.S. 172 (1997). We affirm.

I.   *Factual and Procedural History*

Police investigated a young boy's report that West molested him and paid him for a nude photograph. Police searched West's home and business and found a laptop computer and multiple flash drives. A detective searched the seized devices and discovered a total of roughly one thousand still photographs and videos of child pornography.

West was charged with one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e), two counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and two counts of commission of an offense by a registered sex offender in violation of 18 U.S.C. § 2260A.

Before trial, West stipulated that certain images found on his devices—specifically, Government Exhibits 1F, 1G, 2B, 5C, and 6D—were part of known child pornography series identified by the National Center for Missing and Exploited Children. West stipulated that, if called to testify, an FBI agent would say that the agent participated in the investigation identifying the images in question, that the children portrayed were minors, that the images were produced outside Illinois, and that they were distributed widely on the internet.

On the first day of trial, the court admitted dozens of exhibits offered by the government, including several photographs and videos containing child pornography that were

found on West's devices. The exhibits at issue in this appeal (Government Exhibits 5E and 6E) were among those admitted. Defense counsel did not object.

Over the course of the trial, the government briefly showed images from West's devices to the jury. In total, the government displayed sixteen of the roughly one thousand photographs and videos containing child pornography that were stored on West's devices.

The defense did not object to the government's publication of the images until the end of the government's case in chief. The government's final witness, an FBI agent, testified that six images found on West's devices were from a child pornography series he had investigated. During direct examination of the agent, the government briefly published Exhibits 3B, 3C, 3D, and 3E. For each exhibit, the prosecutor asked the agent to identify the child by first initial and to state the child's age when the image was created. Defense counsel did not object. As the prosecutor began asking the agent about a fifth exhibit (5E), West objected. His counsel asserted that the images and facts were stipulated to and so there was no need to continue displaying the exhibits. The government countered that these facts were not stipulated. The court overruled the objection, and the government displayed two more exhibits (5E and 6E) before resting its case. The jury convicted West on all counts.

West renews his objection on appeal, arguing that the admission and publication of child pornography images at his trial violated Federal Rule of Evidence 403 on the theory that the content of the images was not in dispute, so the exhibits' admission was needlessly cumulative and unfairly prejudicial. He also argues that because he had stipulated that child pornography was found on the devices recovered from his

home and business, their admission at trial violated *Old Chief v. United States*, 519 U.S. 172 (1997).

II. *Analysis*

    A. *Admission of the Exhibits*

We review a trial court's evidentiary rulings for an abuse of discretion. *United States v. Resnick*, 823 F.3d 888, 894 (7th Cir. 2016). We will reverse these rulings "only if no reasonable person could take the judge's view of the matter." *United States v. Pulliam*, 973 F.3d 775, 782 (7th Cir. 2020), quoting *United States v. Brown*, 871 F.3d 532, 536 (7th Cir. 2017).

First, West's challenge to the exhibits' admission is waived. On the first day of trial, the government moved to admit into evidence dozens of exhibits, including those that are the subject of this appeal. When asked whether West had any objection to the government's motion, defense counsel responded, "No, Your Honor." Because West affirmatively stated at trial that he had no objection to the admission of the exhibits, he cannot challenge their admission on appeal. *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004) ("When trial counsel affirmatively represents that he has no objection to the admission of certain evidence, he has intentionally waived any argument to the contrary.").

Even if West's challenge were not deemed waived, we would reject it on the merits. West asks this Court to extend *Old Chief* and find that the trial court violated Federal Rule of Evidence 403 by admitting child pornography images at trial when he supposedly stipulated that the images contained child pornography. There are several problems with this theory.

Most generally, in *Old Chief*, the Supreme Court affirmed the general principle that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." 519 U.S. at 186–87. *Old Chief* actually held, narrowly, that that general rule has "virtually no application" where the issue in dispute is the defendant's status as a felon. *Id.* at 190. In such cases, it violates Rule 403 to admit the record of conviction to prove the defendant's status when the defendant is willing to stipulate. *Id.* at 191.[1]

The Court limited its holding in *Old Chief* to cases where the defendant's felon status is at issue. 519 U.S. at 183 n.7; see also *United States v. Phillippi*, 442 F.3d 1061, 1064 (7th Cir. 2006), citing *Old Chief* on this point. We consequently find West's arguments for extending *Old Chief* unconvincing.

West's argument also fails for a reason more specific to this case. The exhibits at issue in this appeal were not actually subject to any stipulation. Before trial, West stipulated that Exhibits 1F, 1G, 2B, 5C, and 6D were part of known child pornography series, that the children depicted were minors, and that the images were produced outside Illinois and were widely distributed on the internet. On appeal, West argues that the district court was incorrect to overrule his objection to the introduction of Exhibits 5E and 6E shortly after the government displayed Exhibits 3B, 3C, 3D, and 3E. Because those exhibits

---

[1] The Court's later decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), has added a wrinkle to *Old Chief* stipulations in felon-in-possession cases. Under *Rehaif*, the government must also prove that the defendant knew, at the time of the possession, that he was a felon or had some other prohibited status under 18 U.S.C. § 922(g), so an *Old Chief* stipulation now may need to extend to such knowledge.

were not subject to any stipulation, their admission did not offend even defendant's overly broad reading of *Old Chief*. It certainly did not run counter to the actual reasoning and holding of *Old Chief*.

Nor did the admission of the challenged exhibits run counter to Rule 403 more generally. In relevant part, Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice" or "needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Because all probative evidence is to some extent prejudicial, we have consistently emphasized that Rule 403 balancing turns on whether the prejudice is *unfair*." *United States v. Eads*, 729 F.3d 769, 777 (7th Cir. 2013), quoting *United States v. McKibbins*, 656 F.3d 707, 712 (7th Cir. 2011). To determine whether an exhibit is unfairly prejudicial, we use a "sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012), quoting *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). Evidence should not be excluded as unfairly prejudicial simply because it is "graphic or disturbing." *United States v. Kapp*, 419 F.3d 666, 677 (7th Cir. 2005). Depending on the nature of the offense, graphic or disturbing evidence may be central to the government's case.

Evidence may be deemed needlessly cumulative "when it adds very little to the probative force of the other evidence in the case," such that its "contribution to the determination of truth would be outweighed by its contribution to the length of the trial." *United States v. Gardner*, 211 F.3d 1049, 1055 (7th Cir. 2000), quoting *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996); see also *United States v. Hicks*, 368 F.3d 801, 808

(7th Cir. 2004) (evidence was not needlessly cumulative where it was important to the government's case and its presentation took up a "comparatively small amount of time" at trial).

The exhibits at issue here were neither unfairly prejudicial nor needlessly cumulative, considering their probative value. At trial, West argued that he did not know the child pornography files were on his devices. The government refuted this argument in two ways. First, it presented evidence showing that child pornography images were found on multiple devices recovered from West's home and business. The fact that child pornography images were found on not just one but six devices made it more likely that West knew of their existence. To establish that child pornography was found on all of those devices, the government offered and the court admitted a small number of photographs or videos from each device. Exhibit 5E was one of three child pornography files shown to the jury from a red thumb drive, and Exhibit 6E was one of two files displayed from a SanDisk Cruzer thumb drive.

Second, the government also presented evidence showing that West's personal files—for example, medical bills and files related to his business—were saved on the same devices that contained child pornography. The SanDisk Cruzer thumb drive, on which investigators found Exhibit 6E, contained several files related to West's business. A video containing child pornography was downloaded onto the thumb drive on the same day that files relating to West's business were accessed. Thus, even if West had stipulated that the exhibits contained child pornography, their brief publication to the jury helped the government prove that a person accessing the images would be immediately aware of their illicit nature. See *Eads*,

729 F.3d at 777–78 (explaining that showing child pornography images at trial "served a valid, non-cumulative, purpose" where the defendant stipulated that the images contained child pornography but argued that he did not know the images were in his possession).

The government and the district judge also took care to limit jurors' exposure to child pornography images at trial, which had the effect of minimizing any risk of unfair prejudice and preventing their presentation from becoming cumulative. Over the course of the trial, the government showed only sixteen of the child pornography files found on West's devices. When it presented the exhibits, it showed still photographs "briefly" and played only a "few seconds" of videos. Moreover, the government asked only two or three questions about Exhibits 5E and 6E. Their introduction did not needlessly lengthen West's trial.

To carry its burden in a child pornography case, the government ordinarily needs to present images containing child pornography to the jury, and it is ordinarily entitled to present them so that the jury understands the crimes. We recognize that this evidence can be disturbing—even traumatizing—for jurors and that there can be a risk of unfair prejudice to the defendant. District courts must use common sense to strike a balance between allowing the government to make its case and protecting jurors and the defendant's right to a fair trial. Judge Mihm struck a balance here that was fair and sound.

B.  *Publication of the Admitted Exhibits*

To the extent that West challenges the display—as distinct from the admission—of Exhibits 5E and 6E at his trial, his

argument fails. Jurors are "generally entitled to examine exhibits that are properly admitted into evidence." *United States v. Loughry*, 738 F.3d 166, 170 (7th Cir. 2013). The district court may, however, prevent jurors from viewing exhibits that are "cumulative, prejudicial, confusing, or misleading." *Id.*, quoting *Deicher v. City of Evansville*, 545 F.3d 537, 542 (7th Cir. 2008). We review the district court's handling of properly admitted exhibits for a clear abuse of discretion. *Id.* at 169–70.

For the reasons set forth above, the district court also did not abuse its discretion when it allowed the government to show Exhibits 5E and 6E to the jury. The probative value of the exhibits outweighed their prejudicial effect, and, considering that the government showed only sixteen of the roughly one thousand images found on West's devices, we could not conclude that the publication of Exhibits 5E and 6E was needlessly cumulative.

The judgment of the district court is AFFIRMED.